### DOBBINS v. GAINES, SHERIFF.

DISPENSARY LAW—CRIMINAL LAW—CONFISCATION OF PROPERTY—JURY.—The fact that one accused of illegally transporting contraband liquor, under Crim. Code, 473, has been acquitted, is a material circumstance to go to the jury, in investigating whether the property used in such transportation should be confiscated, under Crim. Code, 474.

Before GARY, J., Anderson, April, 1897. Affirmed.

Action in claim and delivery by J. J. Dobbins *v.* M. B. Gaines, as sheriff of Anderson County, in magistrate court. Partial judgment for plaintiff. He appeals. New trial ordered. Defendant appeals.

*Mr. J. E. Breazeale*, for appellant, cites: *On main issue:* Crim. Code, 473, 474; 3 McC., 429; Code, 7.

*Mr. Geo. E. Prince*, contra, cites: *On main issue:* Crim. Code, 473, 474.

March 28, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.    The plaintiff brought this action of claim and delivery, in a trial justice court, to recover from the defendant a horse, a wagon and harness, and a lap-robe, or the value thereof.    The plaintiff having obtained judgment for the lap-robe only, appealed to the Circuit Court, upon the several grounds set out in the "Case;" and upon hearing the appeal, his Honor, Judge Ernest Gary, sustained the fourth and six grounds, and ordered a new trial.    From that judgment defendant appeals upon the several grounds set out in the record, and the plaintiff, according to the proper practice, gave notice that he would ask this Court to sustain the judgment of Judge Gary upon additional grounds, which are likewise set out in the record.

It appears that on the night of the 9th of November, 1894, certain state constables seized the horse, wagon and harness, and lap-robe of the plaintiff, upon the ground that the same were being used in the transportation of contraband liquor in the night time, in violation of sec. 38 of the act, known as the dispensary law of 1893, 21 Stat., at page 448, which is incorporated in the Criminal Statutes as sec. 474, 2 Rev. Stat., p. 427, and the same were turned over to the defendant as sheriff of Anderson County, who, upon demand, refused to deliver the said property to the plaintiff. On the trial before the trial justice it was admitted that plaintiff had "been tried on the criminal side of the court and acquitted for hauling the liquor seized with wagon in this case."

The fourth and sixth grounds of appeal from the judgment of the trial justice, which were sustained by Judge Ernest Gary, read as follows: "4. Because the trial justice

12—52

erred in holding and charging the jury that the admitted fact that the plaintiff had been tried and acquitted by a jury of his peers on the charge of transporting the alleged contraband liquor at the time his horse and wagon were seized by defendant, could not be considered by them in this case, as each case must stand on its own facts, and even though the facts were the same. 6. Because the trial justice erred in not holding that, inasmuch as it was admitted by defendant that both plaintiff and his drayman were tried and acquitted for hauling contraband liquor at night, on the same facts set forth and proven in this case, plaintiff was entitled to recover in this case the property in dispute, or the value thereof, with proper damages for the wrongful detention thereof."

The appellant's grounds of appeal from the judgment of Judge Gary, impute error to him in sustaining those two grounds. There was no controversy either before the trial justice or before the Circuit Court as to the fact that the property in dispute originally belonged to the plaintiff, and the defendant based his defense solely upon the ground that said property "was confiscated to the State," under sec. 38 of the dispensary act of 1893, incorporated in the Rev. Stat., 474. That section reads as follows: "Any wagon, cart, boat or other conveyance transporting contraband liquor at night, other than regular passenger or freight steamers and railway cars, shall be liable to seizure and confiscation; and to that end the officer shall cause the same to be appraised by three disinterested citizens, and unless recovered by claim and delivery proceedings, and suitable bond, shall be advertised and sold, and proceeds sent to the state commissioner." The section immediately preceding the section just quoted reads of follows: "Sec. 37. Any person handling contraband liquor in the night time, or delivering the same, shall be guilty of a misdemeanor, and on conviction shall be punished by imprisonment for thirty days or $100 fine." And it was under this section 37 that it was admited that plaintiff was tried and acquitted, "for hauling the liquor

seized with wagon in this case." The counsel for appellant, in his argument here, contends that the trial justice did not charge the jury as represented in plaintiff's fourth exception to the judgment of the trial justice, as copied above, especially that he did not instruct the jury that the admitted fact that the plaintiff had been tried and acquitted of the charge of transporting the alleged contraband liquor which was seized with the wagon and horse, could not be considered by them in this case, as each case must stand on its own facts, *and even though the facts were the same.* But the trial justice says he did so instruct the jury; for, in his report of the case to the Circuit Court, he says: "I charged the jury substantially as is alleged in paragraphs I., II., III. of the notice and grounds of appeal, and also as is set forth in paragraph IV. of notice and grounds;" and in the fourth ground of appeal the words italicized above, to which appellant objects, are distinctly stated. We must, therefore, assume that the Circuit Judge considered, and had a right to consider, that the jury had been instructed by the trial justice as is set forth in the fourth ground of appeal from the judgment of the trial justice. The question, then, is, whether the Circuit Judge erred in sustaining the fourth ground. We cannot think so; and, on the contrary, it seems to us that the admitted fact that plaintiff had been tried and acquitted, under section 37, for hauling the same liquor which was seized with the wagon, was a very important circumstance to be considered in this case. The two sections of the dispensary law, following one after the other, seem to be more or less connected together, and, to some degree, each dependent upon the other. The scheme of the law seems to be that where contraband liquor is transported during the night time, the person engaged in such transportation shall be liable to punishment as for a misdemeanor, and the conveyance in which such liquor is being transported shall be liable to confiscation. While, therefore, a trial of *the person* and a judgment, either of conviction or acquittal, may not be a bar to a confiscation

*of the property*, under a plea of *res judicata*, yet when it is judicially ascertained that *the person* accused of illegally transporting contraband liquor is not guilty of the charge, that constitutes a material circumstance to be considered when the inquiry is, whether *the property* used in making such transportation should be confiscated. Indeed, it would seem to be an anomaly, to use no harsher term, to hold that while the intelligent agent engaged in the transportation has committed no offense against the law, yet the inanimate agency employed by him for the purpose of doing what has been found to be an innocent act, has become liable to confiscation. Upon this ground, therefore, we think the judgment of the Circuit Judge should be affirmed.

The sixth ground of plaintiff's appeal from the judgment of the trial justice, while open to the criticism of appellant's counsel, in one respect, viz: in stating that *the defendant* admitted that the plaintiff and his drayman were tried and acquitted for hauling contraband liquor at night, "*on the same facts set forth and proven in this case*," the admission of the defendant being that plaintiff "had been tried and acquitted for hauling the liquor seized with the wagon in this case;" yet, as it is clear, as we have seen, that the jury were instructed by the trial justice, that "even though the facts were the same," they could not consider the fact of the previous acquittal of the plaintiff, we do not see that such well-founded criticism adds any strength to appellant's case. The error of law imputed to the Circuit Judge in sustaining plaintiff's sixth ground of appeal from the judgment of the trial justice, is that the Circuit Judge should have held "that the plaintiff could not recover the property sought to be recovered by him without proving his right to recover independent of the fact that he had been tried and acquitted on a charge of transporting the liquors in question in the night time." This, practically, raises the same question as that hereinbefore considered. To say that the Judge should have held that plaintiff could not recover without proving his right to the property "independent of

the fact" that he had been previously acquitted of the criminal charge, was, practically, the same as saying that the fact of the previous acquittal could not be considered in this case. There is nothing to show that the Circuit Judge held that the acquittal of the plaintiff on the criminal charge was *a bar* to this action. All that he held was that the fact of the acquittal was a circumstance to be considered in this case, and in so holding we concur with him.

Under this view of the case, it becomes unnecessary to consider the questions raised by the additional grounds upon which the plaintiff gave notice that he would ask this Court to affirm the judgment of the Circuit Judge.

The judgment of this Court is, that the judgment of the Circuit Court be, and the same is hereby, affirmed.