## 17736

Lydie M. ORTOWSKI, Respondent, v. E. F. ORTOWSKI, Appellant

(117 S. E. (2d) 860)

*Messrs. Hope & Cabaniss,* of Charleston, *for Appellant,*

*Messrs. Furman & Jenkins* and *Edward K. Pritchard,* of Charleston, *for Respondent,*

January 13, 1961.

TAYLOR, Justice.

This appeal is from an Order of the Honorable Thomas P. Bussey, Judge of the Ninth Judicial Circuit, refusing defendant's motion to set aside an Order previously entered wherein plaintiff was granted a divorce *a vinculo matrimonii* from the defendant, E. F. Ortowski, and to grant defendant a new trial upon the grounds of after-discovered evidence, said motion having been made under Sec. 10-1213, Code of Laws of South Carolina, 1952.

The summons and complaint were served on August 22, 1957, and on August 29, an Order was issued by the Honorable William H. Grimball granting the plaintiff custody of the three minor children of the marriage and requiring defendant to vacate the premises where they were then residing.

The complaint alleged that plaintiff and defendant were married in Westport, Connecticut, on September 27, 1947, and that the marriage resulted in three children, Nancy, then age 8, Jean, age 5, and Ornelle, age 1 1/2. A divorce upon the grounds of physical cruelty was sought, it being alleged specifically that the defendant in May, 1957, choked and bruised the plaintiff, and that he struck and threatened her life with firearms on June 15, 1957, and that on August 9, 1957, he again struck her and threatened her life with firearms. Plaintiff asked for custody of the three children, the family automobile and household furniture, the savings which had been accumulated during the marriage amounting to approximately $28,000.00 and was then kept in a joint savings account, and $100.00 a month support for each of the three children.

The defendant interposed an answer denying the acts of physical cruelty alleged, requested that the Court endeavor to bring about a reconciliation between the parties, and should this prove impossible, asked that the Court grant custody in accordance with the best interest of the children and that the savings be placed in a trust fund for the children's future education.

Upon defendant's petition, the Court also issued an Order impounding the savings then deposited with the Cooper River Federal Savings and Loan Association.

The matter was referred to the Honorable Norman N. West, Master in Equity for Berkeley County, for a hearing. Reference was held on March 13, 1958, at which time the plaintiff, without objection by the defendant, was permitted to amend the prayer for relief. The complaint, as amended,

requested that the plaintiff be given custody of the youngest child, Ornelle, but consented to defendant having custody of the two older children. Plaintiff also relinquished any claim to the family automobile and certain personal property of the defendant, including $4,200.00 in U. S. Savings Bonds.

Testimony was taken before the Master, who, on May 6, 1958, issued his report recommending that plaintiff be granted a divorce *a vinculo matrimonii*. The Master also recommended that the defendant be granted custody of the two older children and the plaintiff have custody of the youngest child, Ornelle. He also recommended that plaintiff be given approximately $10,000.00 of the couple's accumulated savings and that the remaining $18,000.00 be placed in a trust for the use of Ornelle, with plaintiff being given the right to draw $125.00 each month for the child's support. He further recommended that plaintiff have the bulk of the household furniture with the exception of certain personal items awarded to defendant. The sum of approximately $10,000.00 of the couple's accumulated savings and the bulk of the household furniture to be in lieu of any further alimony, dower, inheritance, or any other claim or demand whatsoever.

Defendant filed various exceptions to the Master's Report, but no exception was made to the award of approximately $10,000.00. Argument on these exceptions was heard by the Honorable Thomas P. Bussey, who, on August 6, 1958, filed an Order modifying the Master's Report by awarding the bedroom furniture used by the two older children to defendant.

From this Order defendant served notice of intention to appeal on August 8, 1958, but on August 22, 1958, notice of withdrawing the intention to appeal was given and the Order consented to of August 6, 1958. On August 25, 1958, four days after the notice of intention to appeal was withdrawn, the plaintiff married one Vajislav Reinwein in Freeport, Illinois.

On September 12, 1958, the defendant filed a petition reciting therein that an Order granting plaintiff a divorce and awarding her $10,000.00 alimony had been filed August 6, 1958; that the defendant had moved for an Order setting aside that decree on the ground of after-discovered evidence; that said motion was then pending before the Court; that the $10,000.00 awarded the plaintiff was on deposit in North Charleston, and that the plaintiff left South Carolina and was about to remove the $10,000.00, and asked that such funds be impounded until further Order of the Court. The matter was heard before the Honorable J. B. Pruitt, presiding Judge of the Ninth Judicial Circuit, who thereafter issued an Order dated September 12, 1958, impounding all funds.

On September 22, 1958, the defendant served the plaintiff, in Freeport, with notice of motion to reopen the action on the grounds of after-discovered evidence.

This motion was supported by various affidavits to the effect that the plaintiff was engaged in an adulterous affair with the said Vajislav Reinwein for a considerable period of time prior to the divorce action between the parties. Some of these affidavits contain allegations tending to impugn the fitness of plaintiff to have custody of any of the children of the parties. The affidavit of the defendant alleges and contends that the evidence of the illicit relationship contained in the affidavits presented to the Court was unknown to him until after the final decree of divorce; that he exercised due diligence; and that the evidence was material and could not have been timely discovered by him through the exercise of due diligence.

Honorable Thomas P. Bussey, after hearing, entered an Order denying this motion on May 22, 1959; and defendant now appeals contending that (1) the Court abused its discretion in refusing the defendant's motion to set aside the divorce decree and reopen the matter on grounds of after-discovered evidence, and (2) that the Court should

have taken into consideration the interest of the State in an action involving the sanctity of marriage.

In a motion for a new trial based upon after-discovered evidence, the moving party must show (1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching. *McCabe v. Sloan,* 184 S. C. 158, 191 S. E. 905. Such motions are addressed to the sound discretion of the hearing Judge and his refusal will not be interferred with by this Court unless an abuse of discretion amounting to error of law is shown. *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447.

Defendant's wife was awarded, in lieu of alimony, approximately $10,000.00 out of a sum of $28,000.00 on deposit in a savings and loan association and the other $18,000.00 is placed in a trust fund for the rearing and education of the youngest child, Ornelle, whose paternity, at least by implication, had been questioned, with custody being in plaintiff. No question appears as to the paternity of the other two children and they were placed in custody of defendant.

Defendant by way of answer set up, among other things, that his wife would absent herself from the home periodically and would refuse to give any explanation therefor and at the hearing she was cross examined with respect to her association with Dr. David Reinwein and their relationship. When defendant was being cross examined as to his purported clandestine meetings with a member of the WAF, he at one time replied, "Why don't you ask her about her association with Dr. David Reinwein" and later he testified that the plaintiff had been friendly with a doctor formerly stationed at the Navy Base named Reinwein. There is ample evidence to support the conclusion of the hearing Judge that the defendant had reason to

believe long before the divorce action was commenced that plaintiff's relationship with Dr. Reinwein was something more than a casual relationship.

Defendant further contends that the evidence presented in support of the motion for a new trial could not have been discovered before the trial by the exercise of due diligence because of a previous Court Order entered August 29, 1957, which required him to vacate and remove himself from the home and restrained him from harassing, molesting or interfering with plaintiff. The record reveals, however, that irrespective of the Order he visited the home some forty to fifty times for the purpose of visiting the children and upon occasions engaged in arguments with plaintiff. Irrespective of this, he certainly was not prevented by the terms of the Order from investigating the conduct of his wife. The affidavits filed in support of the motion were from close neighbors or persons closely associated with defendant, and he could have had knowledge of these things merely for the asking. Judge Bussey concluded that "this alleged new evidence probably was not discovered since the trial; at least not in its entirety" and, further, "In any event, it is not clear to me that the gist and substance of Defendant's contentions here have been discovered since the trial." The findings of the hearing Judge are not without evidentiary support and this being so there was no abuse of discretion amounting to error of law.

Defendant further contends that the Court should have taken into consideration the interest of the State in that the sanctity of marriage and the public interest are involved and cites *Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830, and *Grant v. Grant,* 233 S. C. 433, 105 S. E. (2d) 523. The hearing Judge in passing upon the motion for a new trial upon after-discovered evidence did so under the well-established rules governing such motions and defendant contends a different rule should apply with respect to divorce matters by reason of what was said in *Fogel v. Mc-*

*Donald, supra,* and *Grant v. Grant, supra,* respecting the sanctity of marriage and the public interest therein.

What this Court said with respect to the sanctity of marriage and the interest of the public in such matters in *Fogel v. McDonald, supra,* and *Grant v. Grant, supra,* is in nowise in contravention with the established rules governing motions for a new trial based upon after-discovered evidence, and we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.