0321

Frances BETTIS, Appellant, v. J. Carroll BUSBEE, Sr., Director, Department of Public Safety of the City of Aiken, Respondent.

(323 S. E. (2d) 536)

Court of Appeals

*David A. Fedor*, Columbia, *for appellant.*

*Henry Summerall, Jr.,* Aiken, *for respondent.*

Heard Sept. 20, 1984.

Decided Nov. 26, 1984.

GOOLSBY, Judge:

The appellant Frances Bettis appeals from the order of the circuit judge denying her a new trial based upon after-discovered evidence. Bettis allegedly discovered the evidence after the circuit judge entered a judgment confirming the findings of the master-in-equity and accepting his recommendation that alcoholic liquors and beverages seized during a search of Bettis's home by officers under the discretion of the respondent J. Carroll Busbee, Director of the Aiken County Department of Public Safety, be sold at public auction. The evidence that Bettis allegedly discovered after the circuit court rendered its judgment consists of the dismissal by the circuit solicitor of an indictment against Bettis for the unlawful sale and possession of alcoholic liquors. The principal

issue raised by Bettis on appeal is whether the circuit court abused its discretion in denying her motion. We affirm.

Bettis was arrested on April 3, 1981, upon an arrest warrant and charged with the unlawful sale of alcoholic liquors. A search of Bettis's home pursuant to a search warrant issued contemporaneously with the arrest warrant led to the seizure of 801 bottles of wines, champagnes, and alcoholic liquors. Bettis was additionally charged with, among other things, maintaining a common nuisance in violation of S. C. Code of Laws § 61-13-10 (1976) and the unlawful storage and possession of alcoholic liquors in violation of Section 61-13-260 of the Code. She was subsequently indicted.

On April 16, 1981, Bettis filed pursuant to Section 61-13-20 two petitions in the Court of Common Pleas by which she sought to recover the alcoholic liquors and beverages seized from her home pursuant to the search warrant. Bettis claimed they were kept for her personal use and denied she unlawfully sold any alcoholic liquors from her home. After Busbee answered each petition, the actions were referred to the master and consolidated for hearing.

On November 20, 1981, the master, after holding a reference without finality, found that Bettis's sale, storage, and possession of alcoholic liquors and beverages constituted a common nuisance in violation of Section 61-13-10 and that her storage and possession of alcoholic liquors in her residence also violated Section 61-13-260. The master recommended that the alcoholic liquors and beverages be sold at public auction and that her actions to recover them be dimissed. Bettis timely excepted to the master's findings and recommendations.

About a month later, on January 11, 1982, the circuit solicitor entered a *nolle prosequi* upon the indictment returned against Bettis for the unlawful sale and possession of alcoholic liquors. Bettis, according to the record before us, was informed of the solicitor's action on "that date."

The circuit court, on January 31, 1982, after entertaining Bettis's exceptions on January 19, 1982, concluded that the master's findings were correct and denied Bettis's petition to recover the confiscated alcoholic liquors and beverages. Bettis did not appeal the circuit court's order.

Several weeks later, on March 18, 1982, the circuit court stayed the public sale of the alcoholic liquors and beverages

pending a determination by it of the issues raised by Bettis in a motion seeking a new trial based on after-discovered evidence. The alleged newly-discovered evidence consisted, for our purposes here, of the *nolle prosequi.*

On May 11, 1982, the circuit court found Bettis's motion for a new trial based on the alleged after-discovered evidence to be without merit and lifted its stay. Bettis appeals the order denying her motion.

It is well-settled that a motion for a new trial based on after-discovered evidence is addressed to the sound discretion of the trial court and its refusal to grant the motion will not be overturned on appeal unless an abuse of discretion amounting to an error of law is shown. *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447 (1959). In considering Bettis's appeal from the circuit court's order denying her a new trial on the ground of after-discovered evidence, Bettis was required to demonstrate that:

> (1) ... the evidence is such as will probably change the result if a new trial is granted, (2) ... it has been discovered since the trial, (3) ... it could not have been discovered before the trial by the exercise of due diligence, (4)... it is material to the issue, and (5)... it is not merely cumulative or impeaching.

*Ortowski v. Ortowski,* 237 S. C. 499, 117 S. E. (2d) 860 (1961). In holding that Bettis failed to show an abuse of discretion amounting to an error of law, we need only consider the second and third elements of the *Ortowski* test. Nowhere did Bettis demonstrate that the evidence of the solicitor's *nolle prosequi* of the criminal charges against her was discovered after the circuit court hearing on January 19, 1982, and that the evidence could not have been discovered by her before the hearing by the exercise of due diligence. In fact, the record shows that Bettis not only could have discovered the evidence but did discover it on the very day the evidence came into being. The record clearly indicates that the solicitor dismissed the criminal case against Bettis eight days prior to the hearing conducted by the circuit court on Bettis's exceptions to the master's report and that Bettis was informed of the solicitor's action the same day.

Because Bettis knew of the *nolle prosequi* before the instant

civil actions were heard on January 19, 1982, by the Court of Common Pleas, Bettis should have either moved to recommit the matter to the master for introduction of additional evidence or asked the court to take additional testimony. *Brownlee v. Miller,* 208 S. C. 252, 37 S. E. (2d) 658 (1946); 76 C.J.S. *References* §§ 208 and 209 at 306-307 (1952). Her failure to do so then affords her no ground now on which to seek a new trial based on after-discovered evidence.

Bettis's claim that the solicitor's *nolle prosequi* of a related criminal indictment divested the Court of Common Pleas of jurisdiction over the actions instituted by her pursuant to Section 61-13-20 lacks merit. The civil proceedings authorized by Section 61-13-20 are separate and distinct from the criminal actions authorized by Section 61-13-210 and subsequent statutes [*see, e.g., Moore v. Commonwealth,* 293 Ky. 55, 168 S. W. (2d) 342 (1943); *Alcorn v. Alexandrovicz,* 112 Conn. 618, 153 A. 786 (1931); *State v. Powell,* 120 Kan. 731, 244 P. 1053 (1926)]; hence, the solicitor's dismissal of the criminal action against Bettis in the Court of General Sessions did not strip jurisdiction from the Court of Common Pleas to determine Bettis's civil actions. *See, Dobbins v. Gaines,* 52 S. C. 176, 29 S. E. 401 (1898); *Stroupe v. Tidwell,* 510 S. W. (2d) 77 (Tenn. 1974), *certiorari denied,* 419 U. S. 860, 95 S. Ct. 110, 42 L. Ed. (2d) 95 (1974); *Moore v. Commonwealth, supra; cf., United States v. One Assortment of 89 Firearms,* —U. S.—, 104 S. Ct. 1099, 79 L. Ed. (2d) 361 (1984).

Accordingly, the judgment appealed from is

Affirmed.

SHAW and BELL, JJ., concur.