1307

David James TERWILLIGER, Appellant v. Vinona Barber
TERWILLIGER, James B. Barber and Mary M. Barber, Respondents.
(378 S. E. (2d) 609)

Court of Appeals

*John W. Harte,* Aiken, *for appellant.*

*Thomas P. Murphy,* North Augusta, *for respondents.*

*Vicki Snelgrove,* Aiken, *guardian ad litem.*

Heard Feb. 16, 1989.

Decided March 27, 1989.

CURETON, Judge:

This appeal involves a dispute between parents over the custody of their seven year old child. From an order granting custody to Mrs. Terwilliger, Mr. Terwilliger appeals. We affirm.

The parties were divorced in December 1985. Custody of their daughter, Marie, was granted to the mother's parents. The father sought a writ of supersedeas challenging the custody order. According to the Statement of the Case, the family court then issued its order indicating the custody order was temporary and stating "that upon a showing by either the mother or father of either (sic) establishing a stable, moral lifestyle and demonstrating an ability to care for the child, custody would be placed with that parent." The father was granted visitation of at least every other weekend. The mother lived in the marital residence in close proximity to her parents' home from the time of the divorce until July 1986 when she moved in with her parents. She lived with her parents at the time of the custody hearing.

In June 1986, the mother filed an action seeking custody of Marie but failed to proceed and it was striken from the docket. The father then filed an action seeking custody and the mother counterclaimed for custody. The matter was heard in June 1987. At the conclusion of the hearing, the family court issued an oral order granting the father one month summer visitation with the child to begin the following day.

In July 1987, the father filed a motion for a new trial or, in the alternative, for an order re-opening the case to consider further testimony.[1] In September, 1987, the family court

---

[1] This motion was heard on August 24, 1987. At that time, the parties were aware the judge had already decided to award custody to the mother, but no order had been signed.

issued orders granting custody to the mother and denying the father's motion for a new trial and to reopen the hearing.

On appeal the husband claims the trial judge abused his discretion in awarding custody to the mother. He also claims prejudice by the trial judge's failure to comply with Family Court Rule 27(c) (now Rule 26) and in failing to grant a rehearing.

The standard against which the family court at trial and this court on appeal must view evidence on the issue of custody is the welfare and best interest of the child. *Lyvers v. Lyvers*, 280 S. C. 361, 312 S. E. (2d) 590 (Ct. App. 1984). Ordinarily, a change of circumstances substantially affecting the interest and welfare of a child is required before a court will upset a custody order. *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978). Here, however, we need only look to the custody order which established the terms upon which one of the parents would be awarded custody.

## EXPERT WITNESS TESTIMONY

The father argues the court abused its discretion in giving undue consideration to the testimony of the mother's expert witness, a clinical psychologist. As expressed in his brief, the father's major concern was that the psychologist had been hired to evaluate the child for custody purposes. The husband argues this testimony was procured in anticipation of litigation and was self-serving. The psychologist tested the grandparents, the mother, and Marie. He concluded Marie is most closely bonded to her mother followed closely by the grandparents. He did not test the father nor communicate with him.

The father's argument concerns the question of credibility and the probative value to be placed upon the testimony of the psychologist. Resolving questions of credibility is a function of the family court judge who heard the testimony. *See Crewe v. Blackmon*, 289 S. C. 229, 345 S. E. (2d) 754 (Ct. App. 1986); *Thompson v. Brunson*, 283 S. C. 221, 321 S. E. (2d) 622 (Ct. App. 1984). Similarly, the fact finder determines the weight to be given testimony. *See Davenport v. Walker*, 280 S. C. 588, 313 S. E. (2d) 354 (Ct. App. 1984). We hold the trial judge did not commit error in assessing the probative value of the psychologist's testimony.

## CUSTODY DETERMINATION

The father first argues the court failed to properly consider his remarriage as a substantial change of conditions affecting the welfare of Marie. The trial court found that since the temporary custody order both parties had shown significant changes in their lifestyles evidencing stability in their lives. As we read the trial judge's order, he found both parties fit to have custody. Every family court judge in a disputed custody matter must engage in the "awesome task of looking into the past and predicting which of the two available environments will advance the best interest of the child and bring about the best adjusted mature individual." *Cook*, 271 S. C. at 142, 245 S. E. (2d) at 615. The father's remarriage was but one consideration in a panoply of considerations affecting the court's determination of Marie's best interest. We discern no error.

The father also attacks the custody award claiming (1) the court relied too heavily upon the evidence of bonding between Marie and her mother; (2) the mother failed to prove a change of conditions warranting the granting of custody to her; and (3) the mother and grandparents schemed to deny him visitation while affording the mother free access to Marie, thus, creating an insurmountable disadvantage to him in establishing bonding with Marie.

The father contends the effect of the visitation order was to grant the mother unrestricted visitation with Marie while limiting his contact. As a result, he claims the bonding between Marie and the mother was artificially induced and, given equal access to Marie, the bonding between them would have been similar. While the father may be correct in this assertion as to what might have been, the trial court and this court must accept the situation as it actually exists. We cannot say the trial court overemphasized bonding between the mother and Marie. The mother and Marie have a loving and caring relationship. The mother spends considerable time with Marie and was at the time of the hearing doing an excellent job of caring for her in the grandparents' home. Of course, we do not mean to suggest we turn an unsympathetic ear to the father's claim that bonding in this case is solely a function of the mother's

access to Marie. Regardless of the circumstances of unequal access, the fact of bonding is very real. Reflecting on what might have been if the father had equal access to Marie changes nothing. Likewise, we find no evidence to suggest the mother and grandparents "schemed" to limit the father's visitation and delay the hearing on the merits to allow the mother and Marie to become "more bonded." We reject this argument.

The father next asserts that because at the time of the hearing the mother remained in the home of her parents, the trial court had no way to assess how much of the child's care was rendered by the mother vis-a-vis the grandparents. He argues the trial court's award of custody to the mother is in direct contrast to the award of custody to the mother in *Sealy v. Sealy*, 295 S. C. 281, 368 S. E. (2d) 85 (Ct. App. 1988). The trial judge expressed serious concern about Marie remaining in the home of her grandparents and made it clear it is not in the best interest of Marie to remain there. He also indicated the mother should establish her own household as soon as possible. If this has not been accomplished, the father may petition the court for a change of custody based on these circumstances.[2] However, as we read the record, the mother is the primary caretaker of Marie.

Finally, the father argues the trial court abused its ██ discretion by failing to consider evidence that occurred subsequent to the custody hearing, but prior to the entry of the custody order. As noted above, the court granted the father a thirty day visitation period with Marie at the conclusion of the custody hearing. The father claims the trial court should have reopened the hearing to permit evidence regarding what occurred during the visitation period. Our review of the record reflects no proffer of evidence that would compel the trial court to rehear the case.[3]

---

[2] At the argument on the father's motion to reopen the hearing, the mother's attorney represented to the court the mother had just signed a lease and had already moved from her parents' home.

[3] A movant must show that the after-discovered evidence upon which the motion is based is such as would probably change the result if a rehearing was had. *See State v. Caskey*, 273 S. C. 325, 256 S. E. (2d) 737 (1979); *Ortowski v. Ortowski*, 237 S. C. 499, 117 S. E. (2d) 860 (1961). Although at the rehearing motion, the father's attorney made the statement that the father developed a closer relationship with Marie during the thirty day visitation

Without a proffer we can glean no error from the exclusion of the evidence. *Gold Kist Inc. v. Citizens and Southern National Bank,* 286 S. C. 272, 333 S. E. (2d) 67 (Ct. App. 1985). A trial court has discretion whether to reopen or rehear a case based on newly discovered evidence. 58 Am. Jur. (2d) *New Trial* Section 165 (1971). *See State v. Caskey,* 273 S. C. 325, 256 S. E. (2d) 737; *Ortowski v. Ortowski,* 237 S. C. 499, 117 S. E. (2d) 860. We find no abuse of discretion.[4]

### COMPLIANCE WITH RULE 27(c)

The father also claims he was prejudiced by the trial court's failure to comply with former Family Court Rule 27(c) (now Rule 26) which required the court to issue its order within thirty days. The failure to comply with Rule 27(c) by reason of the untimely filing of an order does not constitute reason to reverse where no prejudice results from the delay. *Sutton v. Sutton,* 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987). As we understand the father's argument on this point, the delay caused the father to miss Friday night visitation with Marie for several weeks because the order under appeal provided visitation from Friday evening to Sunday evening every other weekend whereas the prior order provided for visitation from Saturday morning to Sunday evening every other weekend. We hold that, while unfortunate, such a denial does not establish sufficient prejudice to require reversal.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

---

period, no affidavits or other evidence was presented on the issue. *See Ackerman v. Ackerman,* 5 Mich. App. 338, 146 N. W. (2d) 668 (1966) (a wife was not entitled to a new trial on basis of new evidence where her motion simply asserted there was new evidence, but did not indicate the nature or extent of such evidence).

[4] The appellant did not clearly argue entitlement to a new trial before the trial court or in his brief.