1413

Lucille H. VAUGHN and Elaine McCord, Respondents v. The CITY OF ANDERSON and South Carolina Department of Highways and Public Transportation, Appellants.

(386 S. E. (2d) 297)

Court of Appeals

*Harold R. Lowery,* of *Lowery, Hood & Thompson,* Anderson, *for appellants.*

*J. C. Nicholson, Jr.,* of *Epps, Krause & Nicholson,* and *John M. O'Rourke,* of *Doyle & O'Rourke,* Anderson, *for respondents.*

Heard Oct. 17, 1989.

Decided Nov. 13, 1989.

CURETON, Justice:

This is a negligence case arising out of an automobile accident. Lucille Vaughn and Elaine McCord collided in an intersection. Both assert they had the green light. Originally, Vaughn sued McCord and McCord counterclaimed. They later amended their respective pleadings to assert negligence by the City of Anderson and/or the South Caro-

lina Department of Highways and Public Transportation in the design and maintenance of the traffic control devices in the intersection. The case was tried with Vaughn and Mc-Cord as plaintiffs after they disposed of their claims against each other before trial. The jury returned verdicts in their favor. The City and the Highway Department appeal on several grounds. We affirm.

## SETTLEMENT AGREEMENT

Immediately before the trial began Vaughn and Mc-Cord disclosed to the court and opposing counsel that they had settled their claims against each other. Vaughn dismissed her claim against McCord in return for McCord's agreement to pay certain expert witness fees. Mc-Cord agreed to dismiss her counterclaim against Vaughn in return for payment of $500. Vaughn and McCord intended to proceed with their complaint and cross-claim against the City and the Highway Department. Counsel for the public defendants moved to dismiss the suit on the theory of release of joint tortfeasors. The court denied this motion but realigned the parties so Vaughn and McCord were plaintiffs against the public entities. Counsel for the public defendants also requested that the jury be informed of the settlement agreement because it reflected upon the credibility of Vaughn and McCord. The court declined to admit the agreement but stated it would reconsider the decision if it appeared to become material given the development of the testimony. The record does not indicate that the City and Highway Department subsequently moved during trial for the court to reconsider this matter.

The court did not err in refusing to dismiss the case on the theory of release of joint tortfeasors. The South Carolina Supreme Court held the release of one tortfeasor does not release others who wrongfully contributed to plaintiff's injuries unless this was the intention of the parties, or, unless the plaintiff has received full compensation amounting to a satisfaction. *Bartholomew v. Mc-Cartha,* 255 S. C. 489, 179 S. E. (2d) 912 (1971). We find no evidence of intention to release or full compensation.

The City and Highway Department contend the court erred in failing to disclose the settlement and realignment

of the parties to the jury. They maintain the settlement reflects upon the bias and credibility of Vaughn and McCord. In essence, they claim the private individuals joined forces against the public entities.

We believe the trial court took proper action to address the concerns announced in *Poston by Poston v. Barnes*, 294 S. C. 261, 363 S. E. (2d) 888 (1987). The trial court removed Ms. McCord as a defendant and realigned her as a plaintiff. The City and Highway Department were free to assert their defense that McCord caused the accident by running a red light. Ms. McCord did not remain a defendant under the guise of a settlement agreement as described in *Poston.* Further, since the City and Highway Department made no motion during the course of the trial to introduce evidence of the settlement we find no prejudice in its exclusion.

## EVIDENTIARY MATTERS

The City and Highway Department assert error on several evidentiary matters. We find no error by the trial court.

The public defendants objected to the admission of a portion of the testimony of an eyewitness. The objection was lack of relevance. The eyewitness was familiar with the intersection and stated it was a confusing intersection due to construction and the location of the traffic control signals.

There was an objection on the grounds of relevance to the testimony of two employees of the City and Highway Department. They testified about the construction at the intersection and the placement of new traffic control lights next to the old lights.

The City and Highway Department also objected to the testimony of an expert witness in traffic control. They contend his testimony was irrelevant as it did not pertain to the condition of the intersection at the time of the accident nor did it pertain to the circumstances of the accident.

A ruling on the admission of evidence is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion and a showing of prejudice. *Manning v. City of Columbia*, 297 S. C. 451, 377 S. E. (2d) 335 (1989).

The essence of this case is a resolution of the conflicting

theories of how the accident occurred. Vaughn and McCord contend the accident happened because McCord was able to observe the traffic light for Vaughn's road and McCord incorrectly thought it controlled her roadway. This is their explanation of how they both contend they entered the intersection on the green light. The City and Highway Department argue the accident happened because McCord entered the intersection on a red light. They dispute the claim that the traffic control devices were improperly positioned and lead to driver confusion.

In light of the conflicting theories of the case it was not error for the trial judge to admit the disputed testimony. The eyewitness was familiar with the intersection and had travelled it many times before and during the construction. She was questioned about the condition of the intersection from the perspective of Ms. McCord's path of travel. The employees testified about the construction at the intersection and identified schematic diagrams of the construction. The expert witness testified with relation to the diagrams and in response to a hypothetical question which incorporated facts concerning the conditions on the day of the accident. All the witnesses were subject to cross-examination by the City and Highway Department concerning the testimony of Vaughn and McCord about the color of their respective traffic lights.

There was also an exception to the admission of the testimony of the city judge. Apparently, there was a dispute as to whether he was listed as a witness in answers to interrogatories. The trial judge ordered Vaughn and McCord to make him available to counsel for the defendants after the first day of trial. The record does not reflect whether defense counsel talked to the judge before his testimony. The record also does not reflect a contemporaneous objection to his testimony. Any alleged error was not preserved by the failure to object when he testified. *White v. Wilbanks*, 298 S. C. 225, 379 S. E. (2d) 298 (Ct. App. 1989).

Finally, there was an objection to the exclusion of testimony by the treating physician of Mrs. Vaughn. He was asked a question by defense counsel about what another physician had said. Counsel for the plaintiffs objected on the ground of hearsay. The court sustained the objection. There

was no proffer of the testimony. Without the proffer of the testimony there is nothing for this court to review. *Honea v. Prior*, 295 S. C. 526, 369 S. E. (2d) 846 (Ct. App. 1988).

On the matter of permanent injury, counsel for the City and Highway Department argues it was error for the court to submit the issue to the jury and to charge the jury on this aspect of damages. There was no objection to the jury charge. Failure to object to the charge at trial waives any alleged error in the charge. *Gasque v. Voyager Life Ins. Co. of S. C.*, 288 S. C. 629, 344 S. E. (2d) 182 (Ct. App. 1986). We note, however, counsel did move during the course of the trial for the court to remove the issue of permanent injury from the jury. This motion was denied by the court. We find no error. Mrs. Vaughn testified about her continuing problems. Counsel cross-examined her about a previous injury to her neck and the settlement of that matter. Her doctor gave her an impairment rating. There was also some, although admittedly slight, testimony from Ms. McCord about her knee injury and the fact it continued to bother her on occasion. It was a matter for the jury to consider the testimony of the injuries and to evaluate the claims for permanent injuries.

### DENIAL OF TRIAL AND POST-TRIAL MOTIONS

The City and Highway Department assert error in the failure of the court to grant their directed verdict and judgment n.o.v. motions. They made a motion for directed verdict at the end of the plaintiffs' case. At the end of the testimony the record indicates "motions noted and marked heard." After the jury verdict the record indicates the court stated "[a]ll appropriate motions are made. You are fully protected."

In ruling on motions for directed verdict and judgment notwithstanding the verdict the trial court is required to view the evidence and the inferences which can reasonably be drawn from it in the light most favorable to the party opposing the motion. The motion should be denied if more than one inference can be drawn from the evidence. *Summers v. Harrison Constr.*, 298 S. C. 451, 381 S. E. (2d) 493 (Ct. App. 1989). This court has indicated on a prior occasion that counsel must specifically state the grounds for the motion in

order to properly preserve the matter for appellate review. *Mains v. K-Mart Corp.,* 297 S. C. 142, 375 S. E. (2d) 311 (Ct. App. 1988).

There is more than one inference to be drawn from the evidence in this case. One inference, as argued by the City and Highway Department, is Ms. McCord entered the intersection on a red light. The other competing inference, however, is that she saw a green light controlling another roadway and entered the intersection because of the improper alignment of traffic control signals. In view of such conflicting scenarios it was a matter for the jury to decide based upon its assessment of the evidence and the credibility of the witnesses. In the trial of a case at law this court will not reverse the decision of the trier of fact if there is any evidence to support that decision. *Felder v. K-Mart Corp.,* 297 S. C. 446, 377 S. E. (2d) 332 (1989).

## REDUCTION OF JUDGMENT

The City and Highway Department argue the trial court erred in failing to reduce the jury verdict for Mrs. Vaughn by the amount Ms. McCord agreed to pay for expert witness fees. The jury returned a verdict for Mrs. Vaughn in the amount of $40,694.90. The agreement between Vaughn and McCord provided for a resolution of Vaughn's complaint against McCord in return for payment of the fees and expenses of the expert witness. The record does not reflect the amount of these fees and expenses.

A nonsettling defendant is entitled to a *pro tanto* reduction of a judgment in the same cause of action. *Ward v. Epting,* 290 S. C. 547, 351 S. E. (2d) 867 (Ct. App. 1986). Payment of expert witness fees is an element of the cost of proving the claim and not of the damages. A jury does not award expert witness fees in its judgment as an element of damages. We affirm the trial court decision on this matter.

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.