THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Virginia M. Johnson, f/k/a Virginia M. Smith,       
Respondent,
 
 
 

v.

 
 
 
Walton A. Smith,       
Appellant.
 
 
 

Appeal From Edgefield County
C. David Sawyer, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-583
Submitted July 15, 2003  Filed October 2, 2003 

AFFIRMED

 
 
Mr. Walton A. Smith, of Edgefield, for Appellant.
Carolyn B. Steigner and Daun C. Steigner, both of Lexington, 
 for Respondent.
M. Gwyn DuBose-Schmitt, of Lexington, for Guardian Ad Litem.
 
 

PER CURIAM: Walton A. Smith (Father) and 
 Virginia M. Johnson (Mother) divorced in 1997.  Pursuant to their divorce, Mother 
 was designated as the primary caretaker of their son, Cody, and Father was granted 
 visitation every Wednesday night and every other weekend.  Mother brought an 
 action to modify this visitation arrangement. Father counterclaimed, seeking 
 to increase his visitation with Cody.  The family court suspended fathers Wednesday 
 night visits, but gave him the right to keep Cody when mother was away overnight 
 and increased the number of weeks Cody could spend with him during the summer.  

Father appeals from this order, and we affirm 
 [1] pursuant to Rule 220, SCACR, and the following authorities: Holy 
 Loch Distribs., Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 
 (2000) (requiring an issue to be raised to and ruled upon by the trial judge 
 in order to preserve it for appellate review);  Hollar v. Hollar, 342 
 S.C. 463, 563 S.E.2d 883 (Ct. App. 2000) (controlling considerations in all 
 child custody controversies are the childs welfare and best interests);   In 
 re Estate of Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 
 1998) (When a party receives an order that grants relief not previously contemplated 
 or presented to the trial court, the aggrieved party must move, pursuant to 
 Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue 
 for appeal.);   Dorchester County Dept of Soc. Servs. v. Miller, 324 
 S.C. 445, 477 S.E.2d 476 (Ct. App. 1996) (ruling that, because the appellate 
 court lacks the opportunity for direct observation of witnesses, it should accord 
 great deference to the family courts findings where matters of credibility 
 are involved); Terwilliger v. Terwilliger, 298 S.C. 144, 378 S.E.2d 609 
 (Ct. App. 1989) (holding the resolution of questions regarding credibility and 
 the weight given to testimony is a function of the family court judge who heard 
 the testimony). 
AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.