THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE 
 STATE OF SOUTH CAROLINA
In 
 The Court of Appeals

 
 
 
Timothy McBride,       
Respondent,
 
 
 

v.

 
 
 
Charlene McBride       
Appellant.
 
 
 

Appeal From Clarendon County
R. Wright Turbeville, Family Court Judge

Unpublished Opinion No. 2004-UP-181
Submitted January 29, 2004  Filed March 
 17, 2004

AFFIRMED

 
 
 
Paul L. Held, of Sumter, for Appellant.
William Ceth Land, of Manning, for Respondent.
 
 
 

PER CURIAM:  Affirmed 
 pursuant to South Carolina Rules of Appellate Practice, Rule 220, and the following 
 authorities: As to Issue I: Dearybury v. Dearybury, 351 S.C. 278, 
 282, 569 S.E.2d 367, 369 (2002) (The decision to grant or deny alimony rests 
 within the discretion of the family court . . . . [and] will not be disturbed 
 on appeal absent abuse thereof.); see S.C. Code Ann. § 20-3-130(C)(1)-(13) 
 (Supp. 2002) (stating the family court must consider and weigh the following 
 factors in making an award of alimony: 1) duration of the marriage;  2) physical 
 and emotional health of the parties; 3) educational background of the parties;                       
 4) employment history and earning potential of the parties; 5) standard of 
 living established during the marriage; 6) current and reasonably anticipated 
 earnings of the parties; 7) current and reasonably anticipated expenses of 
 the parties; 8) marital and nonmarital properties of the parties; 9) custody 
 of the children; 10) marital misconduct or fault; 11) tax consequences; 
 12) prior support obligations; and 13) other factors the court considers relevant); 
 see also Allen v. Allen, 347 S.C. 177, 186, 554 S.E.2d 421, 425 
 (Ct. App. 2001) (Our inquiry on appeal is not whether the family court gave 
 the same weight to particular factors as this court would have; rather, our 
 inquiry extends only to whether the family court abused its considerable discretion 
 in assigning weight to the applicable factors.).
 As to Issue 
 II: Ortowski v. Ortowski, 237 S.C. 499, 504, 117 S.E.2d 860, 
 862 (1961) (In a 
 motion for a new trial based upon after-discovered evidence, the moving party 
 must show . . . [the evidence] could not have been discovered before the trial 
 by the exercise of due diligence . . . . Such motions are addressed to the sound 
 discretion of the hearing Judge and his refusal will not be interfered with 
 by [an appellate court] unless an abuse of discretion amounting to error of 
 law is shown. (internal citations omitted)); 
 see also S.C. Code Ann. § 20-3-130(C) (stating the family 
 court may give weight in such proportion as it finds appropriate to each of 
 the factors outlined in section 20-3-130).  
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concurring.