**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melvin Rondell Sinclair, Respondent,

v.

Teleshia Bridges and Terry Bridges, Appellants.

Appellate Case No. 2013-002658

Appeal From Marlboro County
Salley Huggins McIntyre, Family Court Judge

Unpublished Opinion No. 2015-UP-257
Submitted April 1, 2015 – Filed May 20, 2015

**AFFIRMED**

Sarah Crawford Campbell and Melvin Wayne Cockrell, III, both of Cockrell Law Firm, P.C., of Chesterfield, for Appellants.

Kirby Rakes Mitchell, of South Carolina Legal Services, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in awarding Melvin Rondell Sinclair custody when he failed to request custody in his complaint: Rule 2(a), SCRFC (stating the South Carolina Rules of Civil Procedure are applicable in domestic relations actions, but limiting Rule 54(c), SCRCP, "to the extent it permits the [family] court to grant relief not requested in the pleadings"); Rule 17(a), SCRFC (stating a defaulting party "may be heard at the merits hearing on issues of custody of children"); *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) ("The paramount and controlling factor in every custody dispute is the best interests of the children.").

2.  As to whether the family court erred in failing to timely file its final order: Rule 26(c), SCRFC ("Except under exceptional circumstances, an order in a domestic relations case shall be issued as soon as possible after the hearing, but not later than 30 days thereafter."); *Terwilliger v. Terwilliger*, 298 S.C. 144, 150, 378 S.E.2d 609, 613 (Ct. App. 1989) (finding the family court's untimely filing of an order does not require reversal when no prejudice results from the delay).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.