**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Blondye Shanelle Michael, Respondent,

v.

Roger Denea Michael, Appellant.

Appellate Case No. 2016-001498

———————

Appeal From Chesterfield County
Salley Huggins McIntyre, Family Court Judge

———————

Unpublished Opinion No. 2018-UP-170
Submitted March 1, 2018 – Filed April 25, 2018

———————

**AFFIRMED**

———————

Melvin Wayne Cockrell, III, and Sarah Crawford Campbell, both of Cockrell Law Firm, P.C., and Larry Wayne Knox, all of Chesterfield, for Appellant.

Gerald Malloy, of Malloy Law Firm, of Hartsville, and Whitney Boykin Harrison, of McGowan Hood & Felder, LLC, of Columbia, both for Respondent.

———————

**PER CURIAM:** Roger Denea Michael appeals a final order in a domestic relations matter, arguing (1) the family court incorrectly determined the amount of the attorney's fees awarded to Blondye Shanelle Michael and (2) he was prejudiced

by the family court's failure to issue the final order in a timely manner.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Floyd v. Floyd*, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005), *overturned on other grounds by* 2008 S.C. Acts 211, § 1 (rejecting a challenge to the amount of attorney's fees awarded in a contempt action because the appellant "failed to challenge the amount of attorney's fees awarded either during the hearing when [the respondent's] attorney submitted his attorney fee affidavit or in a subsequent Rule 59(e), SCRCP motion to alter or amend the trial judge's order"); *id.* ("When a trial judge makes a general ruling on an issue, but does not address the specific argument raised by the appellant and the appellant does not make a motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument, the appellate court cannot consider the argument on appeal.").

As to Issue 2: Rule 26(c), SCRFC ("Except under exceptional circumstances, an order in a domestic relations case shall be issued as soon as possible after the hearing, but not later than 30 days thereafter."); *Terwilliger v. Terwilliger*, 298 S.C. 144, 150, 378 S.E.2d 609, 613 (Ct. App. 1989) ("The failure to comply with [Rule 26(c)] by reason of the untimely filing of an order does not constitute reason to reverse where no prejudice results from the delay.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.