**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Bragg, Respondent,

v.

Lindsey Kate Bracket, n/k/a Lindsey Kate Mintz, Appellant.

Appellate Case No. 2018-002192

———————

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-329
Submitted November 6, 2020 – Filed December 3, 2020

———————

**AFFIRMED**

———————

N. Douglas Brannon and Kenneth Philip Shabel, both of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

Michael Bragg, of Roebuck, pro se.

Angela Johnson Moss, of Spartanburg, as Guardian ad Litem.

———————

**PER CURIAM:** Lindsey Kate Mintz (Mother) appeals the family court's order declining to terminate Michael Bragg's (Father's) parental rights to their minor son (Child). On appeal, Mother argues the family court (1) abused its discretion by excluding her expert witness when the probative value of the expert witness's testimony substantially outweighed any danger of unfair prejudice and (2) erred in denying termination of parental rights (TPR). We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. However, appellate courts review the family court's evidentiary rulings for an abuse of discretion. *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018).

The family court properly determined clear and convincing evidence did not show Father willfully failed to support Child. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2019) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (holding the grounds for TPR must be proved by clear and convincing evidence); S.C. Code Ann. § 63-7-2570(4) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child."). Although Father did not provide material support for a period of greater than six months, clear and convincing evidence did not show his failure to support was willful. Father attempted to send support to Mother twice by certified check, but Mother refused to cash the checks. Based on Mother's refusal to cash the certified checks, we find it was reasonable for Father to not send subsequent payments. Overall, these facts do not show conduct that evinced a settled purpose to forego parental duties because Father attempted to support Child, but Mother refused to accept his support. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 137, 538 S.E.2d 285, 289 (Ct. App. 2000) ("Parental conduct 'which evinces a settled purpose to forego parental duties may fairly be characterized as willful because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent.'" (citing *S.C. Dept. of Soc. Servs. v. Broome*, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992))).

Additionally, the family court properly determined TPR is not in Child's best interests. *See Smith*, 343 S.C. at 133, 538 S.E.2d at 287 ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Mother's primary argument against visitation centers on her concerns about Father's alleged misconduct with her older child (Sibling). We acknowledge Father stipulated without admission that he placed Sibling at risk of sexual abuse as part of a Department of Social Services removal action.[1] However, Father submitted to a psychosexual evaluation as part of that removal action. According to the report from that evaluation, Father did not indicate a high risk for dangerous behavior or have a high potential for reoffending. The report recommended a "slow and supervised unification process" to allow Father and Child to emotionally acclimate to the new parent-child relationship. Pursuant to a family court order following the court's review of the psychosexual evaluation, Father's visitations with Child were supervised by a licensed therapist, who testified the visits went well, believed Father's behavior did not raise any red flags, and had no concerns about Child being reunified with Father. Based on the psychosexual evaluation and the testimony of the licensed therapist who observed visits between Father and Child, we find TPR is not warranted and it is in Child's best interest to have a relationship with Father.

Finally, this court does not have a sufficient record to determine whether Mother was prejudiced by the family court's exclusion of her expert witness because Mother did not proffer that testimony. *See Lucas v. Sara Lee Corp.*, 307 S.C. 495, 498, 415 S.E.2d 837, 839 (Ct. App. 1992) ("For an appellate court to reverse the trial court for erroneously excluding evidence[,] the appellant must show both the error of the ruling and prejudice resulting therefrom."); Rule 103(a)(2), SCRE ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context."); *Terwilliger v. Terwilliger*, 298 S.C. 144, 150, 378 S.E.2d 609, 613 (Ct. App. 1989) ("Without a proffer we can glean no error from the exclusion of the evidence."); *Vaughn v. City of Anderson*, 300 S.C. 55, 59-60,

---

[1] Father agreed to this finding pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

386 S.E.2d 297, 300 (Ct. App. 1989) ("There was no proffer of the testimony. Without the proffer of the testimony there is nothing for this court to review.").

However, we are cognizant of this court's ability—and duty—to overlook procedural issues when the rights of minors are involved. *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 463, 639 S.E.2d 165, 172 (Ct. App. 2006) ("The duty to protect the rights of minors and incompetents has precedence over procedural rules otherwise limiting the scope of review . . . ."). Mother called Kim Roseborough, Sibling's counselor, presumably to testify about Father's abuse of Sibling. Roseborough treated Child briefly after Child's first visits with Father, which occurred before the family court ordered visitations be supervised by a licensed therapist. Thereafter, Child started seeing Alicia Hart for therapy, and Hart supervised Child's visits with Father. Hart testified the visits went well, she believed Father's behavior did not raise any red flags, and she had no concerns about Child being reunified with Father. In addition, Father submitted to a psychosexual evaluation that determined he did not pose a high risk for dangerous behavior or have a high potential for reoffending. The report recommended a "slow and supervised unification process" to allow Father and Child to emotionally acclimate to the new parent-child relationship. The psychosexual evaluation, coupled with Hart's testimony, compel us to conclude a remand is unnecessary under these facts. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (acknowledging procedural rules are subservient to this court's duty to protect minors but declining to exercise its discretion to overlook the procedural bar).

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.