**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tasha Cape Dillard, Respondent,

v.

Robert Scott Dillard, Appellant.

Appellate Case No. 2024-001174

———————

Appeal From Anderson County
David E. Phillips, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-097
Submitted February 19, 2025 – Filed March 17, 2025

———————

**AFFIRMED**

———————

Heather Vry Scalzo, of Offit Kurman, of Greenville, for Appellant.

Tasha Cape Dillard, of Greenville, pro se.

Amie Sarah Carpenter, of Greenville, as Guardian ad Litem.

———————

**PER CURIAM:** Robert Scott Dillard (Father) appeals a family court order granting him and Tasha Cape Dillard (Mother; collectively, Parents) joint physical custody of their minor child (Child). On appeal, Father argues the family court

erred in (1) granting the parties joint custody of Child and setting a schedule giving Mother placement of Child on alternating weeks from Wednesday to Sunday and (2) assigning "little weight" to the expert who testified regarding Mother's behavior as recorded in multiple interactions. We affirm pursuant to Rule 220(b), SCACR.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Therefore, an appellate court "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)). "However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019). Moreover, "the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings." *Id.* at 611-12, 837 S.E.2d at 232.

1. We hold the family court did not err in granting Parents joint custody of Child. Although South Carolina law generally disfavors joint custody, the family court's custody determination did not confer a true joint custody arrangement; rather, it granted Father primary placement and decision-making authority and granted Mother physical custody every other week from Wednesday afternoon to Sunday afternoon. We also hold joint physical custody was in Child's best interest because Child had a half-sister, with whom she was close, who primarily lived with Mother. Furthermore, although Father described some concerning behavior by Mother prior to the parties' separation, Parents both underwent psychological evaluations during the custody action, and the report generated following Mother's evaluation indicated she had the adequate psychological resources to function in the role of a custodial parent. Importantly, at the time of the final hearing, Mother had shared joint custody of Child for over two years without any specific reported incidents. Likewise, although Father asserts that after the family court ordered joint custody of Child he noticed Child crying more, showing signs of anxiety, and periods of frustration, he has not shown these behaviors were specifically due to joint custody rather than Parents' separation generally. *See* S.C. Code Ann. § 63-3-530(A)(42) (2010) ("The family court has exclusive jurisdiction . . . to order joint or divided custody where the court finds it is in the best interests of the child."); *Scott v. Scott*, 354 S.C. 118, 125, 579 S.E.2d 620, 624, (2003) (explaining South Carolina disfavors joint custody but reiterating that the "focus remains on

the best interest of the child"); *Tomlinson*, 428 S.C. 60 at 612-13, 837 S.E.2d at 233 (noting the disfavor of alternating weekly custody during the school year); *Spreeuw v. Barker*, 385 S.C. 45, 59, 682 S.E.2d 843, 850 (Ct. App. 2009) ("The paramount and controlling consideration in a custody dispute is the best interests of the child."). Accordingly, we hold the family court did not err when it assigned Father sole legal custody and granted joint physical custody.

2. We hold the family court did not err in assigning "little weight" to testimony from Father's expert witness. *See Tomlinson*, 428 S.C. at 611, 837 S.E.2d at 232 (explaining the de novo standard of review "does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"). In making its decision, the family court considered the expert's testimony and ultimately decided to assign less weight to it because the expert was not Mother's treating psychologist, had not met Mother outside of the courtroom, and had only reviewed material supplied by Father. *See Terwilliger v. Terwilliger*, 298 S.C. 144, 147, 378 S.E.2d 609, 611 (Ct. App. 1989) (stating the family court, as the fact finder, determines the weight to be given to testimony). Accordingly, because the family court fully considered the testimony amongst the other evidence, we defer to its determination of the weight to be granted to the testimony.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.