502 S.E.2d 920

**In re Formal Appointment Proceedings and Claims by Surviving Spouse in the Estate of George Bell TIMMERMAN, Jr.**

**Cary Dupre LAFAYE, Respondent,**

v.

**Ingrid Zimmer TIMMERMAN, Appellant.**

No. 2867.

Court of Appeals of South Carolina.

Heard June 3, 1998.

Decided July 6, 1998.

James B. Richardson, Jr., of Svalina, Richardson & Larson, Columbia; and Thomas B. Bryant, III, of Bryant, Fanning & Shuler, Orangeburg, for appellant.

George E. Lafaye, III, Columbia, and George E. Lafaye, IV, of David L. Thomas & Associates, Greenville, for respondent.

HOWELL, Chief Judge:

Ingrid Zimmer Timmerman filed a petition claiming she was entitled to a share of her husband's, the Honorable George Bell Timmerman's, estate because she qualified as an omitted spouse from a will that Timmerman executed before their marriage. The probate court held Ingrid did not qualify to receive a share of the estate as an omitted spouse, but allowed her to claim an elective share of the estate. Both Ingrid and Cary Dupre Lafaye, a beneficiary under Timmerman's will, appealed the probate court's decision to the circuit court. The circuit court agreed with the probate court that Ingrid was not entitled to claim benefits as an omitted spouse. The circuit court, however, ruled that Ingrid could not receive an elective share because she failed to timely file the proper petition. On Ingrid's appeal to this court, we affirm the ruling that she is not entitled to a share of the estate as an omitted spouse, but reverse the circuit court's order that prohibited Ingrid from claiming an elective share.

I.

Timmerman was married for 45 years to Helen Dupre Timmerman. During their marriage, Timmerman executed a will leaving his entire estate to Helen. Under the will, if Helen predeceased him, then Timmerman named Helen's sister, Margaret Dupre Long, and several of Helen's nieces and nephews as alternate beneficiaries. Helen died on February 1, 1980.

In 1989, Timmerman began pursuing Ingrid. As Timmerman approached 82 years of age, he finally convinced Ingrid, a woman over thirty years his junior, to marry him. Timmer-

man and Ingrid were married in January 1993. Even after marriage, however, the couple for the most part maintained separate residences.

At least twice after his marriage to Ingrid, Timmerman met with estate planning lawyers. During one of these meetings, Robert J. Thomas, an attorney in Columbia, explained that with the advent of the Probate Code a new marriage no longer revoked a previous will. Thomas then referred Timmerman to Albert Moses, an attorney in his office, who drafted some documents for Timmerman. Timmerman, however, never executed those documents. Afterwards, Timmerman met with attorney Robert Bouknight to have a trust and a will drafted. When the documents were prepared, Timmerman went to Bouknight's office, where he again refused to execute any new documents. On November 29, 1994, Timmerman died from injuries he sustained in an automobile accident.

## II.

■ Ingrid argues the probate court erred in finding she was not entitled to share in the probate estate as an omitted spouse. We disagree.

The omitted spouse statute provides:

(a) If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse, upon compliance with the provisions of subsection (c), shall receive the same share of the estate he would have received if the decedent left no will unless: [1]

(1) it appears from the will that the omission was intentional; or

(2) the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence.

S.C.Code Ann. § 62–2–301(a) (Supp.1997). An action concerning the application of the omitted spouse statute is an action at

---

[1]. In this case, Ingrid's intestate share would equal the entire estate because there were no children born into either of Timmerman's marriages. See S.C.Code Ann. § 62–2–102 (1987).

law. *Cf. Williams v. Williams*, 329 S.C. 569, 496 S.E.2d 23 (Ct.App.1998) (holding interpretation and application of the elective share statute is an action at law). In an action at law, this court and the circuit court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them. *In re Howard*, 315 S.C. 356, 434 S.E.2d 254 (1993).

The probate court found Ingrid did not qualify as an omitted spouse because Timmerman intended to provide for her by transfers outside of the will. During their courtship, Timmerman gave Ingrid and her children substantial financial gifts. After the marriage Timmerman added Ingrid as a survivor on a checking account[2] and opened a joint account with her.[3] He also reduced the amount of retirement benefits he received per month in order to allow Ingrid to receive $2,200.00 a month after his death. In addition, Timmerman gave Ingrid $320,143.00 from the sale of timber and ensured that Ingrid would receive $16,000.00 in life insurance upon his death. Altogether, Timmerman gave Ingrid $1,191,000.00.

Given that section 62-2-302 states that intent can be measured by the amount of the transfers, we believe that the sheer magnitude of the transfers from Timmerman to Ingrid is enough to support the probate court's finding that Timmerman did not intend for Ingrid to receive any benefits under the omitted spouse statute. S.C.Code Ann. § 62-2-301(a) (Supp.1997). Further supporting the probate court's ruling is that Timmerman sought estate planning advice and contemplated executing new estate planning documents, even going so far as to have them drafted, but he ultimately chose to leave his old will intact. These facts, when coupled with our standard of review, mandate that we affirm the probate court's finding that Ingrid cannot qualify to receive a share of Timmerman's estate as an omitted spouse.

## III.

Ingrid next argues the circuit court erred in ruling that she did not timely file a petition to claim her elective

---

2. The balance of the checking account at the time of the addition of Ingrid's name was $110,055.79. Afterwards, there were deposits of $177,500.00 and withdrawals of $287,500.00.

3. The joint account totaled $413,000.00.

share because Ms. Lafaye failed to raise this issue to the probate court. We agree.

Without hearing any arguments concerning the issue of an elective share, the probate court granted Ingrid an elective share of Timmerman's estate. Anticipating Lafaye's opposition, the probate court explained that it could reach the elective share issue because Ingrid's petition contained a request for "such relief as may be appropriate," which the probate court determined inferentially included a claim for an elective share. Lafaye appealed the probate court's ruling but did not file a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stating her belief that Ingrid's petition did not adequately raise the elective share issue.

The South Carolina Rules of Civil Procedure are applicable in the probate court to the extent they are not inconsistent with the Probate Code or probate court rules. S.C.Code Ann. § 62–1–304 (1987); Rule 81, SCRCP. A motion to alter or amend a judgment pursuant to Rule 59(e), SCRCP, is not inconsistent with the Probate Code and is therefore applicable.

South Carolina courts "have adhered to the rule that where an issue has not been ruled upon by the trial judge nor raised in a post-trial motion, such issue may not be considered on appeal." *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993). When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal. *Id.; Godfrey v. Heller*, 311 S.C. 516, 429 S.E.2d 859 (Ct.App.1993) (where theory of relief was first raised in lower court's order, appellant must challenge this theory with a Rule 59, SCRCP motion). Because Lafaye failed to argue to the probate court that Ingrid's petition did not strictly comply with the elective share statute, Lafaye could not make this argument to the circuit court. The circuit court, therefore, erred in addressing the argument

and by reversing the probate court on the elective share issue. *See Hendrix v. Eastern Distrib., Inc.,* 320 S.C. 218, 464 S.E.2d 112 (1995). We, therefore, reinstate the probate court's ruling on the elective share issue.

Accordingly, the order of the circuit court is

**AFFIRMED IN PART AND REVERSED IN PART.**

CURETON and GOOLSBY, JJ. concur.