THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth Dippel
 & Kimber Fowler, Appellants,
 
 
 
 

v.

 
 
 
 
 Claudus Eugene
 Fowler, Respondent.
 
 
 
 
 

Appeal From Horry County
Cynthia G. Howe, Master-in-Equity

Unpublished Opinion No.  2011-UP-109  
Submitted March 1, 2011  Filed March 16, 2011

AFFIRMED

 
 
 
 Kenneth Dippel and Kimber Fowler, of Loris, pro se.
 Claudus Eugene Fowler, of Loris, pro se.
 
 
 

PER CURIAM: Kenneth
 Dippel and Kimber Fowler, pro se, appeal the master-in-equity's order
 dismissing their actions for civil contempt and trespass against Claudus Eugene
 Fowler and finding Claudus has an easement by prior use.  Dippel and Kimber
 argue the trial court erred in (1) finding an implied easement by prior use
 existed, (2) dismissing Dippel's claims for lack of standing, and (3)
 rescinding an earlier order enjoining Claudus from travelling on Dolly Lane and
 subsequently dismissing Kimber's claims as moot.  We affirm[1] pursuant to Rule 220(b)(1) and the following authorities:
1. As to whether the
 master erred in finding Claudus holds an implied easement by prior use: In
 re Estate of Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App.
 1998) (holding when a party receives an order that grants certain relief not
 previously contemplated or presented to the trial court, the aggrieved party
 must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in
 order to preserve the issue for appeal).  
2. As to whether master
 erred in dismissing Dippel's trespass and contempt claims because he lacked standing: Ex parte Morris, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006)
 ("[T]o have standing, a litigant must have a personal stake in the subject
 matter of the litigation.  One must be a real party in interest, i.e., a party
 who has a real, material, or substantial interest in the subject matter of the
 action, as opposed to one who has only a nominal or technical interest in the
 action.").  
3. As to whether master
 erred in rescinding a prior order enjoining Claudus from using Dolly Lane and
 subsequently dismissing Kimber's contempt and trespass claims: Timmerman,
 331 S.C. at 460, 502 S.E.2d at 922 (Ct. App. 1998) (holding when a party
 receives an order that grants certain relief not previously contemplated or
 presented to the trial court, the aggrieved party must move, pursuant to Rule
 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for
 appeal).  
AFFIRMED.
FEW, C.J.,
 KONDUROS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.