THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Ex Parte:
 Willie Mae Miles, Appellant,
 
 
 
 
 

v.

 
 
 
 
 In Re: Estate
 of Wallace Miles, Respondent.
 
 
 
 
 

Appeal From Aiken County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-200  
Submitted May 1, 2011  Filed May 3, 2011

AFFIRMED

 
 
 
 Tom Griffin Woodruff, Jr, of Aiken, for
 Appellant.
 Philip Herman Woolhiser, of Aiken, for
 Respondent.
 
 
 

PER CURIAM: Willie Mae Miles appeals a probate court holding
 that set aside a will executed by the decedent, Wallace Miles.  She argues the
 probate court improperly set aside the will for lack of sufficient capacity,
 res, and devisees because she lacked notice those issues would be considered
 during the will contest initiated by the decedent's son.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: In re Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct.
 App. 1998) ("The South Carolina Rules of
 Civil Procedure are applicable in the probate court to the extent they are not
 inconsistent with the Probate Code or probate court rules.  A motion to alter or amend a judgment pursuant to
 Rule 59(e), SCRCP, is not inconsistent with the
 Probate Code and is therefore applicable." (internal citations omitted)); see
 also Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 339-40,
 611 S.E.2d 485, 487-88 (2005) (holding an appellant has the burden of providing
 a sufficient record for appellate review) (citations omitted); In re Estate of
 Cumbee, 333 S.C. 664, 674-75, 511 S.E.2d
 390, 395 (Ct. App. 1999) (noting that when a probate judge grants certain relief not
 previously contemplated, the aggrieved party must move to alter or amend the judgment in order to preserve the issue
 for appeal to the circuit court).
AFFIRMED.
HUFF, WILLIAMS, and
 THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.