THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mark S. Kinsey, Respondent,
v.
Leecia B. Kinsey, Appellant.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court
 Judge

Unpublished Opinion No. 2012-UP-212
Heard October 5, 2011  Filed March 28,
 2012   

AFFIRMED

 
 
 
Thomas M. Neal, III, and Yulee E.
 Harrelson, of Columbia, for Appellant.
C. Vance Stricklin, Jr., of West Columbia,
 and Katherine Carruth Goode, of Winnsboro, for Respondent.
 
 
 

PER CURIAM: Leecia
 B. Kinsey appeals the family court's equitable distribution of the marital
 estate, including evidentiary issues and the family court's determination that
 The Kinsey Corporation was not marital property.  We affirm.
1.  We find no error in the family court awarding
 Husband 60% of the marital estate and Wife 40%.  See Doe v. Doe,
 370 S.C. 206, 213-14, 634 S.E.2d 51, 55 (2006) (stating the appellate court
 looks to the overall fairness of the apportionment, and it is irrelevant that
 this court might have weighed specific factors set forth in Section 20-3-620(B)
 of the South Carolina Code (Supp. 2011) differently than the family court); Fitzwater
 v. Fitzwater, ___ S.C. ___, ___, 721 S.E.2d 7, 12 (Ct. App. 2011) (stating
 while a 50-50 division is considered guidance for an appropriate division, it
 is not mandatory).  The family court made detailed findings on each of the
 factors set forth in section 20-3-620(B).  It emphasized at the hearing on
 Wife's motion to alter or amend it did not rely on Wife's marital misconduct in
 determining the division.  The family court also carefully considered the
 parties' indirect and direct contributions, including that over the course of
 the marriage, Husband earned 86.07% of the income while Wife earned 13.93%.  Wife
 failed to meet her burden of proving the family court's division of the marital
 estate was against the preponderance of the evidence.  See Lewis v.
 Lewis, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating the burden is
 on the appellant to demonstrate the family court's findings are against the
 preponderance of the evidence).  
2.  As to Wife's argument the family court erred
 in admitting into evidence and relying upon evidence of Wife's paramour's
 wealth, we find no reversible error.  See Divine v. Robbins, 385
 S.C. 23, 37, 683 S.E.2d 286, 293 (Ct. App. 2009) (stating to warrant reversal
 based on the admission or exclusion of evidence, the complaining party must
 prove both error and resulting prejudice).  Although the family court allowed Husband
 to testify as to what Wife told him was her paramour's net worth, the court
 specifically stated at the hearing on Wife's motion to alter or amend and in
 its order on the motion that wife's adultery and her paramour's wealth did not
 affect its decision to divide the property 60-40.  We find Wife failed to
 establish any prejudice from the admission of the evidence.  
3.  We
 find no merit to Wife's argument the family court erred in finding she
 abandoned the marital residence.  The family court did not consider desertion
 as a fault ground for divorce.  In addition, Wife does not assert on appeal
 that she is entitled to a credit due to Husband's decision to pay the mortgage
 through the equity line.  We find no indication this statement affected the
 family court's decision; thus, we find no error.  See McCall v.
 Finley, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("[W]hatever
 doesn't make any difference, doesn't matter.").
4.  We find the family court did not err in
 including in the marital estate the automobile Wife's son drove.  Wife does not
 challenge the family court's valuation or allocation of the value of the
 vehicle to her.  She only asserts the vehicle was not marital property.  Because
 the vehicle was owned by Husband at the time of the commencement of this
 action, it was marital property.  See S.C. Code Ann. § 20-3-630(A)
 (Supp. 2011) (defining marital property as "all real and personal property
 which has been acquired by the parties during the marriage and which is
 owned as of the date of filing or commencement of marital litigation . . .")
 (emphasis added).  
5.  We find Wife's argument that the family court
 erred in failing to require Husband to first utilize the money in the Kinsey
 Rental Account for expenses associated with the parties' beach house before any
 other marital funds were used is conclusory and therefore abandoned.  See Bennett v. Investors Title Ins. Co., 370 S.C. 578, 599, 635 S.E.2d 649,
 660 (Ct. App. 2006) (finding appellants' abandoned issue where they failed to
 cite any case law for a proposition and made only conclusory arguments in
 support).
6.  We find Wife failed to support with authority her
 argument the family court erred in giving Husband complete control for the
 listing and sale of the parties' properties; thus, this issue is abandoned.  See Bennett, 370 S.C. at 599, 635 S.E.2d at 660 (finding appellants'
 abandoned issue where they failed to cite any case law for a proposition and
 made only conclusory arguments in support).  We furthermore find no error.  The
 parties had already experienced difficulties reaching agreements in selling the
 marital assets.  As the family court noted, both parties would benefit from
 achieving the maximum price and neither party was motivated to sell the
 properties for less than the maximum value.  We find Wife failed to meet her
 burden of proving error.  See Lewis, 392 S.C. at 392, 709 S.E.2d
 at 655 (stating the burden is on the appellant to demonstrate the family
 court's findings are against the preponderance of the evidence).  
7.  We find Wife also failed to support with
 authority her argument the family court erred in failing to order that the
 money held in escrow be paid to the parties, and thereafter the parties be
 required to pay proportionally toward expenses associated with the remaining
 properties of the parties.  This issue is abandoned.  See Bennett,
 370 S.C. at 599, 635 S.E.2d at 660 (Ct. App. 2006) (finding appellants'
 abandoned issue where they failed to cite any case law for a proposition and
 made only conclusory arguments in support).  In the alternative, given the
 parties' histories, we find the family court did not err in putting in place a
 mechanism to ensure the payment of marital debt until the assets could be sold See Lewis, 392 S.C. at 392, 709 S.E.2d at 655 (stating the burden is on the
 appellant to demonstrate the family court's findings are against the
 preponderance of the evidence).  
8.  We find the family court did not err in
 holding The Kinsey Company had not been transmuted into marital property and
 that Wife was not entitled to a special equity in the business.  See S.C.
 Code Ann. § 20-3-630(A)(2) (Supp. 2011) (stating property acquired prior to the
 marriage is generally considered nonmarital); S.C. Code Ann. § 20-3-630(A)(5)
 (Supp. 2011) (stating marital property does not include "any increase in
 value in nonmarital property, except to the extent that the increase resulted
 directly or indirectly from efforts of the other spouse during marriage"); Johnson v. Johnson, 296 S.C. 289, 295, 372 S.E.2d 107, 110-11 (Ct. App.
 1988) (stating although nonmarital property may be transmuted into marital
 property, the spouse claiming nonmarital property has been transmuted must
 produce objective evidence showing the parties themselves regarded the property
 as the common property of the marriage); id. at 295-96, 372 S.E.2d at
 111 ("The mere use of separate property to support the marriage, without
 some additional evidence of intent to treat it as property of the marriage, is
 not sufficient to establish transmutation.").  Husband formed The Kinsey
 Company in 1994.  Wife never owned any stock in the corporation or served as an
 officer.  Although The Kinsey Company significantly increased in value over the
 course of the marriage, as the family court noted, Husband's efforts during the
 late 1990's housing boom were the primary reason for the growth of the
 company.  While Wife worked as the exclusive interior designer for The Kinsey
 Company, she did this work through other companies where she was an employee
 until forming her own company, Palmetto Interiors, in 2001.  The record
 supports the family court's ruling Wife was sufficiently compensated for her
 services to The Kinsey Company and Wife did not provide any benefit to the
 company that could not have been obtained through another decorator.  See Arnal v. Arnal, 363 S.C. 268, 294, 609 S.E.2d 821, 835 (Ct. App. 2005)
 (finding husband was not entitled to special equity interest where he was
 compensated for work and his work amounted to very little time actually spent); Webber v. Webber, 285 S.C. 425, 429, 330 S.E.2d 79, 81 (Ct. App. 1985)
 (holding evidence did not show wife's contribution to business was material
 when she did not contribute funds to start the business and she did not
 contribute very much uncompensated service to the business).  In addition, we
 find no evidence Husband co-mingled marital funds with those from The Kinsey
 Company.  Accordingly, we find Wife failed to prove Husband intended for The
 Kinsey Company to be a marital asset.  
9.  We
 find no merit in Wife's argument the family court erred in ordering her to
 return certain items of personal property to the Edisto House.  The court did
 not accuse Wife of "stripping" the house, but merely required her to
 return marital property to the house unless the parties agreed otherwise.  Wife
 contends the family court erred in granting relief not requested.  Because she
 failed to raise this contention to the family court in her motion to alter or
 amend, it is not preserved.  See In re Estate of Timmerman, 331
 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives
 an order that grants certain relief not previously contemplated or presented to
 the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP,
 to alter or amend the judgment in order to preserve the issue for appeal.").
 AFFIRMED.
HUFF,
 PIEPER, and LOCKEMY, JJ.,  concur.