**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joseph Williams, Appellant,

v.

Marie Wilson, Respondent.

Appellate Case No. 2012-213449

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-102
Heard January 15, 2014 – Filed March 12, 2014

**AFFIRMED**

Dietrich A. Lake, of The Lake Law Firm, of Columbia,
for Appellant.

Curtis L. Ott and Laura W. Jordan, both of Gallivan,
White & Boyd, P.A., of Columbia, for Respondent.

**PER CURIAM:**  This appeal arises from the trial court's sua sponte order granting a new trial *nisi* remittitur pursuant to Rule 59(d), SCRCP.  On appeal, Joseph Williams argues the trial court erred by failing to provide compelling reasons for ordering a remittitur and refusing to show substantial deference to the jury's

determination of damages.  Williams also argues the trial court issued the remittitur order without giving him notice and an opportunity to be heard on the matter. Williams did not file a Rule 59(e), SCRCP, motion requesting the trial court address the allegations of error he now raises on appeal.  Because the trial court's remittitur order granted relief not previously contemplated by or presented to the trial court, we find Williams was required to file a Rule 59(e) motion to preserve his issues for appellate review.  Accordingly, both of Williams's issues on appeal are unpreserved for appellate review, and we affirm the trial court's order.  *See S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 658, 667 S.E.2d 7, 14 (Ct. App. 2008) (providing "an issue must have been raised to and ruled upon by the trial court to be preserved for appellate review"); *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review."); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**