# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Amisub of South Carolina, Inc. d/b/a Piedmont Medical Center d/b/a Fort Mill Medical Center,

v.

South Carolina Department of Health and Environmental Control and the Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Medical Center-Fort Mill,

Of whom The Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Medical Center-Fort Mill is the Petitioner, and

Amisub of South Carolina, Inc. d/b/a Piedmont Medical Center d/b/a Fort Mill Medical Center and South Carolina Department of Health and Environmental Control are the Respondents.

Appellate Case No. 2017-000984

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Opinion No. 27792
Submitted February 14, 2018 – Filed April 25, 2018

———————

## REVERSED IN PART AND REMANDED

———————

Douglas M. Muller, Trudy Hartzog Robertson, and E. Brandon Gaskins, of Moore & Van Allen, PLLC, all of Charleston, for Petitioner.

Stuart M. Andrews, Jr., Susanna Knox and Daniel J. Westbrook, of Nelson, Mullins, Riley & Scarborough, LLP, all of Columbia; and Ashley Caroline Biggers and Vito Michael Wicevic, both of Columbia, all for Respondents.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the court of appeals' decision in *Amisub of South Carolina, Inc. v. South Carolina Department of Health & Environmental Control*, Op. No. 2017-UP-013 (S.C. Ct. App. filed Jan. 11, 2017). We deny the petition for a writ of certiorari as to question III, but grant the petition as to questions I and II, dispense with further briefing, and reverse the court of appeals' finding that the dormant Commerce Clause issue was not preserved for appellate review. We remand the case to the court of appeals to issue a ruling on whether the decision of the Administrative Law Court (ALC) "interfered with the natural functioning of the interstate market either through prohibition or through burdensome regulation" in violation of the dormant Commerce Clause. *See McBurney v. Young*, 569 U.S. 221, 234-37, 133 S. Ct. 1709, 1719-20, 185 L. Ed. 2d 758, 771-72 (2013) (explaining the concept of the "dormant Commerce Clause" (quoting *Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 806, 96 S. Ct. 2488, 2496, 49 L. Ed. 2d 220, 229 (1976))).

To explain our ruling that the issue is preserved, we recite portions of the procedural history of this case. In 2005, four hospitals—Petitioner, Respondent Amisub, Presbyterian Healthcare System, and Hospital Partners of America—applied for a certificate of need (CON) to construct and operate an acute-care hospital in Fort Mill. In May 2006, the Department of Health and Environmental Control (DHEC) determined the acute-care hospital was necessary, and granted a CON to Amisub, but denied a CON to Petitioner and the others. DHEC's decision to award the CON to Amisub was based in part on its interpretation of the language of the South Carolina Health Plan[1] that only existing health care providers in York County were eligible for additional hospital beds. Petitioner filed a contested case at the ALC,

---

[1] *See generally* S.C. Code Ann. § 44-7-180 (2018) (providing for the development of the South Carolina Health Plan).

contending DHEC had erroneously interpreted the language of the Health Plan. Alternatively, Petitioner argued that if DHEC's interpretation was correct, the Health Plan violated the dormant Commerce Clause because it improperly restricted interstate commerce. The ALC found DHEC's interpretation of the Health Plan was not correct, reversed, and remanded to DHEC.[2] The ALC's determination that the Health Plan did not require the CON to be awarded to an existing York County provider made it unnecessary for the ALC to reach the alternative dormant Commerce Clause claim.

On remand, DHEC granted a CON to Petitioner, but denied a CON to the others. Amisub filed a second contested case at the ALC, which again reversed, this time ordering a CON be granted to Amisub and denied to Petitioner. Petitioner appealed to the court of appeals. The court of appeals affirmed, finding Petitioner's dormant Commerce Clause argument as to the ALC's ruling in the second contested case was unpreserved for appellate review.

Petitioner's theory that the dormant Commerce Clause issue is preserved begins with the fact that any potential violation arising from the language of the Health Plan was resolved in Petitioner's favor by the ALC in the first contested case. We find this was a reasonable interpretation of the ALC's order in the first contested case. In the second contested case, therefore, Petitioner reasonably believed the dormant Commerce Clause was not an issue. However, Petitioner contends the ALC's ruling in the second case improperly restricted interstate commerce—and thus violated the dormant Commerce Clause—not because of the language of the Health Plan, but because the ALC ruled partially on the basis that the hospital Amisub was already operating in South Carolina should be protected from out-of-state competition like Petitioner, a North Carolina entity. In other words, Petitioner contends the ALC reversed DHEC's award of a CON to Petitioner, and awarded a CON to Amisub, based on the ALC's improper desire to protect Amisub from out-of-state competition, even though the Health Plan does not provide for such protection. Petitioner argues it had no reason to anticipate this basis for the ruling, and thus it had no reason to renew its dormant Commerce Clause challenge before or during the second contested case trial. Rather, Petitioner argues it was only after it received the ALC's ruling that it realized the dormant Commerce Clause had again become

---

[2] We dismissed Petitioner's appeal from this decision on the ground the order was not immediately appealable. *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 692 S.E.2d 894 (2010).

an issue.  At that time—Petitioner argues—it made the argument of a dormant Commerce Clause violation with clarity in a timely Rule 59(e) motion.

The court of appeals found "the record does not show [Petitioner] presented to the ALC any argument that [Amisub]'s positions on adverse impact and outmigration, if adopted by the ALC, would violate the Dormant Commerce Clause.  [Petitioner] waited until filing its Rule 59(e) motion to present this argument, which is too late." If Petitioner had reason to believe this issue was actually being litigated before the ALC in the second contested case, and yet remained silent, we would agree with the court of appeals.[3]  However, the dormant Commerce Clause issues arising out of the language of the Health Plan were resolved in Petitioner's favor in the first contested case.  Thus, Petitioner could not reasonably have foreseen the ALC would craft its order in a fashion to revive those issues.  Therefore, Petitioner had no reason to raise the dormant Commerce Clause challenge in the second contested case until the ALC issued its order.  No party should be penalized for not addressing an issue as to which it had previously prevailed, and which it did not reasonably contemplate would yet be the basis of the court's ruling.  *See Herron v. Century BMW*, 395 S.C. 461, 470, 719 S.E.2d 640, 644 (2011) (finding appellate courts should remain "mindful of the need to approach issue preservation rules with a practical eye and not in a rigid, hyper-technical manner"); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not

---

[3] While not dispositive, we find it important that Respondents did not raise issue preservation in their briefs to the court of appeals.  We also note the court of appeals specifically recognized the dormant Commerce Clause issue before it presented a different question from the one presented in the first contested case.  The court of appeals stated,

> [Petitioner] does not challenge the constitutionality of the CON Act itself.  Further, [Petitioner] does not challenge the constitutionality of the State Health Plan or the Project Review Criteria. Rather, [Petitioner] argues the purpose and effect of the ALC's application of the CON Act, the State Health Plan, and the Project Review Criteria are to protect [Amisub] from out-of-state competition, and, therefore, such an application violates the dormant Commerce Clause.

*Amisub*, slip op. at 5.

previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

Accordingly, we reverse the court of appeals' finding that the dormant Commerce Clause issue was not preserved for appellate review, and remand the case to the court of appeals for a ruling on the merits of the issue.

The parties have stressed to us the obvious point that it has been almost twelve years since DHEC made the determination an acute-care hospital was necessary in York County. For this reason, we order the court of appeals to expedite consideration of this case.

**REVERSED IN PART AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**