# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Melissa Spalt, Respondent,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Defendants,

of whom South Carolina Department of Motor Vehicles is the Petitioner.

Appellate Case No. 2017-000545

-------------

Appeal from the Administrative Law Court
Harold W. Funderburk Jr., Administrative Law Judge

-------------

Opinion No. 27817
Heard May 24, 2018 – Filed June 27, 2018

-------------

## APPEAL DISMISSED

-------------

Brandy Anne Duncan, Frank L. Valenta Jr., Philip S. Porter, all of Blythewood, for Petitioner.

Michael Vincent Laubshire, of Columbia, for Respondent.

-------------

**JUSTICE FEW:** The court of appeals dismissed the South Carolina Department of Motor Vehicles' appeal on the ground the order on appeal was not a final decision of the administrative law court (ALC). We affirm.

Melissa Spalt was arrested on April 5, 2015, for driving under the influence of alcohol. When she refused to submit to a breath test, the arresting officer issued a "notice of suspension" of her driver's license pursuant to subsection 56-5-2951(A)

of the South Carolina Code (2018). Spalt requested a hearing before the South Carolina Office of Motor Vehicle Hearings (OMVH) to challenge her suspension, as permitted by subsection 56-5-2951(B)(2). The OMVH scheduled a hearing for June 23, 2015, at 9:00 a.m. On June 18, Spalt's attorney notified the OMVH he was scheduled to be in general sessions court at that time. The OMVH rescheduled the hearing for August 11, 2015, at 9:00 a.m.

On Friday August 7, Spalt's attorney notified the OMVH in writing he was scheduled to appear in magistrates court on August 11 at 9:30 a.m. on behalf of another client in a different county from the OMVH hearing. The letter was scanned and attached to an email delivered to the OMVH at 12:30 p.m. on August 7. The email also included a scanned copy of a "Summary Court Summons" signed by the magistrate judge setting the client's case for a "date certain" jury trial. On Monday August 10, the OMVH notified Spalt's attorney by email the hearing officer had refused to reschedule the hearing. Twice on August 10, Spalt's attorney emailed the OMVH and the hearing officer in an attempt to reschedule the hearing. The arresting officer also emailed the OMVH on August 10 indicating he consented to the request. There is no indication in the record that the OMVH hearing officer responded to any of the August 10 emails.

Spalt's attorney appeared in magistrates court on August 11 and did not attend the OMVH hearing. The hearing officer entered an "Order of Dismissal" on August 12, finding, "Neither [Spalt] nor her counsel appeared at the hearing and therefore waived the right to challenge the pending suspension." The hearing officer did not conduct a hearing on the merits of the suspension. Spalt appealed to the ALC, which reversed and remanded to the OMVH for a hearing on the merits.

The Department of Motor Vehicles appealed the ALC's order to the court of appeals, which dismissed the appeal on the basis the ALC's order is not immediately appealable. *Spalt v. S.C. Dep't of Motor Vehicles*, Op. No. 2016-UP-475 (S.C. Ct. App. Nov. 9, 2016). We granted the Department's petition for a writ of certiorari to review the court of appeals' decision. We affirm the dismissal of the appeal.

In *Charlotte-Mecklenburg Hospital Authority v. South Carolina Department of Health & Environmental Control*, 387 S.C. 265, 692 S.E.2d 894 (2010), we held the Administrative Procedures Act permits an appeal only from "a *final* decision of the ALC." *See* 387 S.C. at 266, 692 S.E.2d at 894 (applying subsection 1-23-610(A)(1) of the South Carolina Code (Supp. 2017) to an appeal from a contested case tried at the ALC); *see also* S.C. Code Ann. § 1-23-380 (Supp. 2017) ("A party . . . who is

aggrieved by a final decision in a contested case is entitled to judicial review . . . ."). In this case, the ALC remanded the case to the OMVH for a hearing on the merits. Therefore, the ALC's order was not a final decision. *See Charlotte-Mecklenburg*, 387 S.C. at 267, 692 S.E.2d at 894 ("If there is some further act which must be done by the court prior to a determination of the rights of the parties, the order is" not final); 387 S.C. at 267, 692 S.E.2d at 895 ("A final judgment disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined.").

Despite *Charlotte-Mecklenburg*, the Department makes several arguments in support of the immediate appealability of the ALC's interlocutory order. First, the Department argues the fact the ALC wrote the words "Final Order" in the caption of its order renders the order final for purposes of immediate appealability. The argument requires little response. Whether an order is final depends—as we explained in *Charlotte-Mecklenburg*—on the substance of the order: whether it "disposes of the whole subject matter of the action or terminates the particular proceeding or action, leaving nothing to be done but to enforce by execution what has been determined." 387 S.C. at 267, 692 S.E.2d at 895. The label given to the order is not determinative of its immediate appealability.

Second, the Department argues the fact the OMVH dismissal of Spalt's challenge to her suspension would have been final had it been upheld renders the ALC's order final, despite the fact the ALC's order remands the case for a hearing on the merits. This is the same circumstance we faced in *Charlotte-Mecklenburg*. In that case, the agency approved one party's application for a certificate of need, but denied all other applications. *See Amisub of S.C., Inc. v. S.C. Dep't of Health & Envtl. Control*, ___ S.C. ___, ___, 813 S.E.2d 719, 720 (2018) (describing the procedural history of *Charlotte-Mecklenburg*[1]). Two of the losing applicants appealed to the ALC. *Amisub*, ___ S.C. at ___, 813 S.E.2d at 720. If the ALC had upheld the agency's decision, it would have been a final decision. However, finality is determined by the disposition at the ALC, not by the disposition in the agency order on appeal. In *Charlotte-Mecklenburg* and in this case, the ALC reversed the agency decision and remanded for further proceedings. In both cases, the ALC's remand order left "some further act which must be done by the court prior to a determination of the rights of the parties." *Charlotte-Mecklenburg*, 387 S.C. at 267, 692 S.E.2d at 894. Therefore,

---

[1] As we explain in *Amisub*, it is the same case as *Charlotte-Mecklenburg*. *Amisub*, ___ S.C. at ___ n.2, 813 S.E.2d at 720 n.2.

as in *Charlotte-Mecklenburg*, the ALC's order in this case is not a final decision. If there was any doubt remaining after *Charlotte-Mecklenburg*, we now clarify that when a party seeks review of an order of the ALC—pursuant to section 1-23-380 or section 1-23-610—the court of appeals will not entertain an appeal from an order that leaves "some further act which must be done."[2]

Third, the Department argues that denying an immediate appeal from the ALC's interlocutory order in this case "would encourage piecemeal litigation and limit the Department's appellate remedies," quoting and relying on this Court's post-*Charlotte-Mecklenburg* decision in *Morrow v. Fundamental Long-Term Care Holdings, LLC*, 412 S.C. 534, 773 S.E.2d 144 (2015). *Morrow*, however, was an appeal from the circuit court, and therefore governed by section 14-3-330 of the South Carolina Code (2017). 412 S.C. at 537-38, 773 S.E.2d at 145-46. As we explained in *Charlotte-Mecklenburg*, "[section] 14-3-330 . . . is inapplicable in cases where a party seeks review of a decision of the ALC." 387 S.C. at 266, 692 S.E.2d at 894. Appeals from the ALC are governed by the Administrative Procedures Act. *Morrow*, therefore, is inapplicable.

Fourth, the Department argues the ALC's interlocutory order is immediately appealable because the order is wrong. In making this argument, the Department has taken several novel positions of law that we find we should address. The first position is that the OMVH has superior priority to magistrates court under Rule 601(a) of the South Carolina Appellate Court Rules. Rule 601(a) provides, "In the event an attorney of record is called to appear simultaneously in actions pending in two or more tribunals of this State, the following list shall establish the priority of his obligations to those tribunals: . . . ." This provision is followed by thirteen subsections listing various courts and tribunals in the order of priority to be given to each. "Magistrates and Municipal Courts" are listed in subsection (12), and "Other Administrative Bodies or Officials" are listed in subsection (13). The Department argues, however, "the OMVH is part of the ALC," and thus should be included in subsection (9). *See* S.C. Code Ann. § 1-23-660(A) (Supp. 2017) ("There is created within the Administrative Law Court the Office of Motor Vehicle Hearings."). We disagree. Subsection (9) contains only "The Administrative Law Court." The OMVH is a separate tribunal and has last priority as an "Other Administrative Bod[y] or Official[]" in subsection (13).

---

[2] Section 1-23-380 contains an exception—not applicable in this case—that permits an immediate appeal "if review of the final agency decision would not provide an adequate remedy."

The Department's second novel position is that Spalt's attorney was not entitled to Rule 601(a) priority to attend the magistrates court trial because he waited too late to notify the OMVH of his scheduling conflict. Rule 601(c) provides, "An attorney who cannot make a scheduled appearance because of the priority established by paragraph (a) of this rule shall notify the affected tribunals as soon as the conflict becomes apparent." The Department interprets this subsection to require an attorney to immediately notify both tribunals as soon as he receives notice there may be a conflict. In some instances—such as when the attorney receives notice of a conflict shortly before the hearings—immediate notification is required. However, as explained below, we do not read Rule 601(c) to require the attorney to "immediately" notify the tribunal of a scheduling conflict in all circumstances.

The Department's third novel position is that Spalt's attorney did not comply with the OMVH rules regarding requests for "continuance." Our first response to this position is that an attorney need not rely on the rules of the OMVH when he is entitled to relief under the South Carolina Appellate Court Rules. The Appellate Court Rules supersede any conflicting procedural rule of an agency. Our second response is that Spalt's attorney did not need a "continuance." When a tribunal with lower priority under Rule 601(a) is advised that an attorney summoned to appear before it has been called to appear simultaneously in a tribunal with higher priority, Rule 601(a) requires the tribunal with lower priority to yield. While Rule 601(c) and the general obligation of respect and candor an attorney owes any tribunal require the attorney to notify the tribunal of the conflict, Rule 601(a) itself "establish[es] the priority of his obligations," and therefore resolves the conflict. When Rule 601(a) sets the priority, the attorney may appear in the tribunal with higher priority—and is excused from appearing in the tribunal with lower priority—without the permission of the lower priority tribunal.

This case illustrates the frustrations that can arise when attorneys unnecessarily delay notifying tribunals of Rule 601 conflicts, and when hearing officers and judges are not cooperative with the attorney. The magistrates court notified Spalt's attorney on July 15 of the jury trial that created his conflict for August 11. However, the attorney contends he did not realize there was a conflict until the day he wrote the OMVH—August 7. We recognize there are valid reasons an attorney would choose not to immediately notify a tribunal of a scheduling conflict, such as the expectation

that one of the hearings or trials may be canceled or rescheduled for other reasons.[3] Any such delay, however, should be based on a valid reason. Here Spalt's attorney contends he simply did not realize he had a conflict, despite having received written notice of both obligations at least three weeks before. We understand the difficulties lawyers face in maintaining hectic schedules. However, not keeping an up-to-date calendar is not a good reason for failing to provide the OMVH notice of the scheduling conflict for over three weeks after receiving the notice.

On the other hand, the OMVH hearing officer does not have the authority to ignore Rule 601. When an attorney demonstrates to a tribunal with lower priority that he has been called to appear simultaneously in a tribunal with higher priority, Rule 601(a) requires the tribunal with lower priority to yield. By automatic operation of the Rule—without the permission of the lower priority tribunal—the attorney is excused from appearing in the lower priority tribunal. This is true even if the judge or hearing officer reasonably believes the attorney has not adequately complied with Rule 601(c). As we will discuss, trial judges have a variety of options to deal with attorneys who do not comply with Rule 601(c), or who otherwise abuse the privileges Rule 601(a) provides, but dismissing the action in the lower priority tribunal simply because the attorney is attending a proceeding in a higher priority tribunal—as Rule 601(a) specifically permits—is not one of the options.

Rule 601 was promulgated in recognition of the reality that practicing law in different courts in different parts of the state puts a heavy burden on a lawyer who can be in only one place at a time. However, this case demonstrates that Rule 601 requires more from attorneys and judges than merely to resort to the technical

---

[3] To illustrate the point that there are times an attorney might not be required to immediately provide notice of the conflict, we turn to the text of Rule 601(c). "An attorney who cannot make a scheduled appearance . . . shall notify the affected tribunals as soon as the conflict becomes apparent." Rule 601(c), SCACR. In many instances—despite the potential of a scheduling conflict—the attorney is not in a situation where he "cannot make a scheduled appearance" because the attorney is reasonably certain one of the proceedings will not take place as scheduled. In that event and in others like it, Rule 601(c) does not require the attorney to immediately notify the tribunal. Rule 601(c) requires the attorney to notify the lower priority tribunal as soon as it "becomes apparent" he cannot attend the proceeding in that tribunal. This language tolerates some delay during which the attorney attempts to work out the conflict or see if it will resolve on its own.

provisions of the Rule.  A tribunal's failure to accommodate the scheduling demands of an attorney can result in the unlawful denial of a litigant's right to be heard, as happened here.  On the other hand, an attorney's failure to promptly provide notice of scheduling conflicts creates difficult challenges for courts in fulfilling their duty to maintain current dockets.  Also, we are well-aware that a very small number of attorneys intentionally abuse the privileges given to them by Rule 601, not only to enable their own disorganization or lack of diligence, but in some instances even to gain strategic advantage for their clients.[4]

To minimize these problems, we recommend attorneys, trial judges, and hearing officers employ the following approach to accommodate the scheduling conflicts addressed by Rule 601.  First, attorneys and courts should work together as far as practicable to avoid scheduling conflicts in the first place.  Second, when potential scheduling conflicts do arise, attorneys should notify all affected tribunals reasonably promptly.  In instances where the attorney recognizes a reasonable possibility the conflict may resolve itself, the attorney should consider communicating that fact to the tribunal.  This information will alert the lower priority tribunal that a hearing may have to be rescheduled, but permit the hearing to go forward as scheduled if the conflict resolves.  Third, attorneys and tribunals should show flexibility.  In some instances, attorneys should consider asking the higher priority tribunal to be flexible.  For example, our experience is that family courts hearing matters that will be short in duration (Rule 601(a)(4) or (a)(7)), general sessions courts hearing guilty pleas (Rule 601(a)(5)), common pleas courts hearing motions (Rule 601(a)(8)), and others, are willing to move a scheduled hearing around in a day or a week to accommodate an attorney who is simultaneously called to appear in a lower priority tribunal such as the ALC (Rule 601(a)(9)) or magistrates court (Rule 601(a)(12)) when rescheduling the proceeding in the lower priority tribunal poses problems.  These suggestions are not intended to be mandatory nor to be exclusive.  We are confident attorneys and tribunals will devise additional ways to minimize scheduling problems and accomplish the purposes of Rule 601.  In all instances, attorneys and tribunals should attempt to resolve conflicts without significant delays in any proceedings.

Finally, trial judges and hearing officers who suspect that attorneys are abusing the privileges granted by Rule 601 should confront the suspected abuse.  In many instances, a judge who suspects abuse who contacts the attorney within the limits of

---

[4] We find no evidence of any such abuse in this particular case.

ex parte communications will discover the suspicion arose from a misunderstanding. The mere knowledge that judges are alert to potential abuse will deter attorneys from engaging in it. In the rare case in which actual abuse is discovered, such a conversation is likely to keep it from happening again. If a judge "receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct," the judge "should take appropriate action" as set forth in Canon 3D(2) of the Code of Judicial Conduct. Rule 501, SCACR. In extreme cases—and only where appropriate under the law—a judicial branch court may use its contempt power after notice and an opportunity to be heard.

In conclusion, as we held in *Charlotte-Mecklenburg*, an order of the ALC remanding to the agency is not an immediately appealable order. Because the order of the ALC in this case remanded the case to the OMVH for further proceedings, the court of appeals was correct to dismiss the Department's appeal.

**APPEAL DISMISSED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**