# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Trisha Gibbons, Respondent,

v.

Aerotek, Inc., Appellant.

Appellate Case No. 2020-001065

————————

Appeal From Richland County
Perry H. Gravely, Circuit Court Judge

————————

Opinion No. 6006
Heard June 5, 2023 – Filed August 2, 2023

————————

## AFFIRMED

————————

Bryson Moore Geer, of Nelson Mullins Riley &
Scarborough, LLP, of Charleston; Patrick Devin Quinn,
of Nelson Mullins Riley & Scarborough, LLP, of
Columbia; and William E. Corum and Megan A.
Scheiderer, both of Kansas City, Missouri, all for
Appellant.

James Paul Porter, of Cromer Babb Porter & Hicks, LLC,
of Columbia, for Respondent.

————————

**LOCKEMY, A.J.:** In this appeal from an order denying a motion for attorney's
fees and costs, Aerotek, Inc. argues the trial court erred by holding (1) Aerotek had
an obligation to plead its entitlement to attorneys' fees and that it did not
sufficiently do so in its answer and (2) Aerotek did not authenticate an employment
agreement. We affirm based on preservation and the two-issue rule.

**FACTS/PROCEDURAL HISTORY**

In October 2018, Gibbons filed a complaint against Aerotek and Schneider Electric USA, Inc.[1] (Schneider Electric), alleging (1) a violation of section 41-1-70 of the South Carolina Code (2021)[2] and (2) a breach of contract. She asserted Schneider Electric and Aerotek terminated her employment because she complied with a subpoena to testify in court and they breached "a written agreement" when they failed to increase her pay from $12 per hour to $16 per hour after ninety days of employment.

Aerotek answered and argued it took no part in the decision to terminate her and although the Employment Agreement provided Gibbons was employed as a temporary contract employee assigned to Schneider Electric for a wage of $12 per hour, the Employment Agreement never provided she would receive a raise after ninety days of employment. Aerotek concluded its answer with a request for dismissal of Gibbons's complaint and an award of attorneys' fees and costs.

Aerotek moved for summary judgment and asserted Gibbons's claims pursuant to section 41-1-70 failed as a matter of law because (1) it had no involvement in Schneider Electric's decision to terminate Gibbons and (2) it had no knowledge Gibbons was served with a subpoena to testify.[3] Aerotek's memorandum in support of summary judgment was accompanied by four attachments: the Employment Agreement; an affidavit of Jason Pritchard, an employee relations

---

[1] During litigation, all parties consented to the dismissal of Schneider Electric with prejudice.

[2] Section 41-1-70 provides:

> Any employer who dismisses . . . an employee because the employee complies with a valid subpoena to testify in a court proceeding . . . is subject to a civil action in the circuit court for damages caused by the dismissal . . . .
>
> Damages for dismissal are limited to no more than one year's salary or fifty-two weeks of wages based on a forty-hour week in the amount the employee was receiving at the time of receipt of the subpoena.

[3] Gibbons and Aerotek subsequently filed a joint stipulation of dismissal as to the breach of contract claim.

manager at Aerotek; Aerotek's job posting for a position with Schneider Electric; and Gibbons's April 2019 deposition transcript.

The trial court denied Aerotek's motion for summary judgment. In January 2020, the matter proceeded to a jury trial. At the close of evidence, Aerotek moved for a directed verdict, which the trial court granted.

Subsequently, Aerotek requested attorneys' fees in the amount of $201,450.50 and costs in the amount of $10,365.10. Aerotek asserted it was not involved in terminating Gibbons's employment and it had no initial knowledge Gibbons was served with a subpoena. Aerotek argued the Employment Agreement entitled it "to recover reasonable attorneys' fees and all costs." Aerotek also addressed the reasonableness of hours and rates and attached the Employment Agreement and affidavits asserting the reasonableness of the fees and costs.

In opposition, Gibbons requested the court deny the motion. She asserted various defenses and equitable matters as to why the fee-shifting provision in the Employment Agreement was invalid. She attached various documents to her motion in opposition, including her affidavit, stating that (1) Aerotek never mentioned or explained the fee-shifting provision, (2) she never had notice of the Employment Agreement, (3) she had "no contemporaneous memory of receiving or reviewing that document in any form or fashion when [she] allegedly signed it electronically," and (4) even if she did sign the Employment Agreement, she "received nothing of value for doing so."

The trial court denied Aerotek's motion for attorneys' fees and costs "on [two] separate grounds." First, the court found Rule 8(a), SCRCP, required Aerotek's pleadings to contain a "short and plain statement of the facts" showing Aerotek was entitled to relief. The trial court determined Aerotek's pleadings did not comport with Rule 8(a) because the pleadings failed to include the allegations and facts supporting Aerotek's basis for attorneys' fees and costs and made no reference to the Employment Agreement. Second, the trial court determined the authenticity of the Employment Agreement was in dispute. It noted the Employment Agreement was never introduced as evidence at trial. Further, the trial court stated the authenticity of the Employment Agreement was at issue because Gibbons stated she did not recall signing the Employment Agreement and Aerotek did not include a representative's affidavit as to the authenticity of the Employment Agreement. Therefore, the trial court concluded Aerotek did not meet its burden of authenticating the Employment Agreement. Aerotek did not file a Rule 59(e), SCRCP, motion. This appeal followed.

**ISSUES ON APPEAL**

1. Can Aerotek seek contractual attorneys' fees in this action for which fees have been incurred, without having pled a counterclaim for such fees, if Gibbons brought a claim for breach of the same contract under which Aerotek seeks its fees, and when Aerotek did request an award of attorneys' fees in its answer, or must it file a separate lawsuit asserting an original claim for its attorneys' fees?

2. Did Aerotek have an obligation to authenticate the contract under which it seeks contractual, prevailing party attorneys' fees and, if so, did it do so sufficiently?

**STANDARD OF REVIEW**

"The decision to award or deny attorneys' fees and costs will not be disturbed on appeal absent an abuse of discretion." *Maybank v. BB&T Corp.*, 416 S.C. 541, 579-80, 787 S.E.2d 498, 518 (2016). "An abuse of discretion occurs when there is an error of law or a factual conclusion that is without evidentiary support." *Ellis v. Davidson*, 358 S.C. 509, 524, 595 S.E.2d 817, 825 (Ct. App. 2004).

**LAW/ANALYSIS**

Aerotek argues the trial court erred in holding it failed to authenticate the Employment Agreement. Aerotek contends it provided the document to the court when it attached it to the motion and memorandum for summary judgment and provided Pritchard's affidavit, stating Gibbons electronically signed the agreement. It avers the burden to authenticate was not high and notes that during her deposition, Gibbons did not dispute signing the agreement. Finally, Aerotek contends the trial court did not cite any authority to support its holding for this issue and it had no opportunity to address the authentication issue because the trial court *sua sponte* raised the issue in its order denying attorneys' fees. We disagree.

Initially, we hold Aerotek failed to preserve issue two, regarding the authentication of the contract, for review. Rule 59(e) motions "serve a vital purpose for proper issue preservation." *Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009). A Rule 59(e) motion would have given Aerotek the opportunity to argue the errors it believed the trial court committed in denying its motion for attorneys' fees and allowed the trial court to reconsider the *sua sponte* ground and its ruling. However, in the absence of this motion, such an opportunity was lost. After the trial court issued its order, Aerotek was required to file a Rule 59(e) motion addressing the trial court's finding that Aerotek did not properly authenticate the Employment Agreement. *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order

that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."). Because Aerotek's failure to preserve issue two barred appellate review, this issue is therefore, right or wrong, the law of the case. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the [circuit] court it . . . has ruled wrongly and then, if that effort fails, convince the appellate court that the [circuit] court erred."); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."). Accordingly, we affirm issue two.

Further, the trial court based its decision to deny Aerotek's motion for attorneys' fees on "[two] separate grounds": first, that Aerotek failed to sufficiently plead its entitlement to attorneys' fees and costs and second, that it did not properly authenticate the Employment Agreement. Because we hold the trial court's finding regarding the authentication issue is the law of the case, it is, therefore, a ground supporting the denial of Aerotek's motion for attorneys' fees and costs. Accordingly, pursuant to the two-issue rule, we affirm and do not address issue one. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case."), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018); *see also Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating "an unappealed ruling, right or wrong, is the law of the case").

## CONCLUSION

Based on the foregoing, the trial court's denial of Aerotek's motion for attorneys' fees and costs is

**AFFIRMED.**

**KONDUROS and VINSON, JJ., concur.**